ROBERTSON *v.* STATE OF INDIANA.

[No. 26,210. Filed December 11, 1934.]

*Clinton H. Givan, Julius C. Travis, Claycomb & Stump,* and *John F. Watkins,* for appellant.

*James M. Ogden,* Attorney-General, and *Harry Taylor,* Assistant Attorney-General, for the State.

HUGHES, J.—This was a criminal prosecution by the state against the appellant. There were two counts in the indictment. One count was for embezzlement and the other was for grand larceny. The court instructed the jury to find the appellant not guilty on the count charging grand larceny and he was convicted on the count charging embezzlement.

The error relied upon for reversal is as follows: The court erred in overruling appellant's motion for a new trial.

Several reasons are assigned in the motion for a new trial, but we will only consider the first two in disposing of the case. The first reason is that the verdict of the jury is not sustained by sufficient evidence and the second is that the verdict is contrary to law.

The evidence shows that in 1923, the Haddorff Sales Company, a partnership composed of Oscar E. Lindstrom and Armer E. Johnson, doing business as wholesale piano dealers at Rockford, Illinois, entered into a contract with the Robertson's Music House, Inc., of Terre Haute, Indiana. Lane Robertson, appellant was president of said Robertson's Music Company. The company had a place of business in Terre Haute, and also in Indianapolis. In 1929, the Robertson Piano

Company was organized and the said Robertson was also president of this company and, in 1929, entered into a contract with the Haddorff Sales Company, practically the same as that entered into in 1923, between the Haddorff Sales Company and the Robertson Music House.

The contracts provided that the Haddorff Sales Company was to consign pianos and player pianos to the Robertson Music House and the Robertson Piano Company on consignment. The contract provided that "consignment value" meant the value and price at which the goods were invoiced and that all sales were to be made on terms which would pay the consignment value to the Haddorff Sales Company within twenty-four months. On all cash sales, remittances were to be made immediately in cash for the instrument sold at the consignment value less such discount, if any, or other terms, as might be agreed upon. On all time or part cash sale the consignee was allowed to retain all of the first cash payment made by the purchaser, provided the amount so retained should not be more than the amount by which the sales price exceeds the consignment value. However, if the cash down payment made by the customer at the time of sale was less than seventy-five dollars then the consignee was allowed to retain from the first installments paid enough in addition to the down payment to make seventy-five dollars, providing, that the total amount so retained shall not be more than the amount by which the sales price exceeds the consignment value. The consignee was to endorse and transfer to the consignor and guarantee the payment of all notes, contracts, or leases taken and all renewals of same. The consignee was to pay all freight charges and other expenses connected with the handling of goods, or other expenses incurred, including taxes that may have been assessed on same. At the

first of each month the consignee was to report to the consignor all instruments consigned and settled for, in stock, and in possession of prospective customers. The contract was limited to the sale of goods to retail customers only and did not give to consignee any right, without the consent of the consignor, to sell or transfer any goods shipped to any dealer, dealers, or prospective dealers.

The contract was quite lengthy, but we think we have stated enough of its provisions for the purpose of this opinion.

It is the contention of the state that the evidence shows an embezzlement of money obtained by the consignee from sales of pianos to various purchasers.

The indictment in this case is predicated on §2470, Burns 1926, the same being §10-1704, Burns 1933, §2467, Baldwin's 1934, and the trial was conducted on the theory that this section was the one involved. The appellant was sentenced to the Indiana State Prison for a period of not less than two years nor more than fourteen years, the penalty provided for in said section.

There are twelve distinct sections of the statutes relating to the crime of embezzlement. The legislature has attempted in these sections to cover every conceivable case of embezzlement and it is the duty of this court to give each section its proper consideration, and, when we do so, what do we find in the instant case? In the first place, we find that the indictment was predicated upon §2470, Burns 1926, *supra,* and that appellant, after being found guilty by a jury, was sentenced under said statute. The question is, Did this section apply to the facts in the instant case, or did §2474, Burns 1926, being §10-1708, Burns 1933, §2471, Baldwin's 1934? Section 2470, Burns 1926, §10-1704, Burns 1933, §2467, Baldwin's 1934, provides, among other things, as follows:

"Every officer, agent, attorney, clerk, servant or employee of any person, firm, corporation or association, who, having access to, control or possession of any money, article or thing of value, to the possession of which his employer is entitled, shall, while in such employment, take, purloin, secrete or in any way whatever appropriate to his own use, or to the use of others, any money, coin, bills, notes, credits, choses in action or other property or article of value belonging to or deposited with or held by such person, firm, corporation or association in whose employment such officer, agent, attorney, clerk, servant, or employee may be, shall be deemed guilty of embezzlement, and, on conviction, shall be imprisoned in the state prison for not less than two nor more than fourteen years. . ."

Section 2474, Burns 1926, §10-1708, Burns 1933, §2471, Baldwin's 1934, provides, among other things, as follows:

"A storage, forwarding or commission merchant, carrier, warehouseman, *factor*, auctioneer, or his clerk, agent, or employee, who, with intent to defraud, sells, or in any way disposes of, or applies or converts to his own use, any bill of lading, customhouse permit or warehouse receipt, entrusted to or possessed by him, or any property entrusted or consigned to him, or the proceeds or profits of any sale of such property, or who fraudulently fails to pay over such proceeds, deducting usual charges and commissions; . . . is guilty of embezzlement, and, on conviction, shall be imprisoned in the state prison not less than one year nor more than five years, . . ."

This latter section specifically applies to a "factor" and "consignor." A factor is defined to be an agent employed to sell goods for his principal which are in his possession for a commission. 3 Words and Phrases 2641. And, it is said, it is generally held that the relation of the parties under an ordinary consignment contract is that of factor and principal, and although a factor is in the last analysis an agent, the agency is a limited one. 3 Words and Phrases 496. It

has also been said that the relation of principal and factor carries with it to the factor the possession of the property and the power to sell it, and he may do anything not inconsistent with such general power of sale. 11 R. C. L. 758.

There is a clear distinction between §2470 and §2474. The former section relates to property, the possession to which the employer is entitled and the agent merely has access to, control or possession while in such employment. In the latter section, the factor has possession of the property to dispose of in any manner not inconsistent with the contract of consignment. This section, however, provides that if the factor, with intent to defraud, applies or converts to his own use any property entrusted or consigned to him, or the proceeds or profits of any sale of such property, after deducting the charges and commission then he is guilty of embezzlement, and, upon conviction shall be imprisoned in the state prison not less than one nor more than five years.

The indictment alleges that the appellant was an agent of Lindstrom and Johnson who were doing business under the name and style of Haddorff Sales Company, that by virtue of said agency he took into his possession $1,996.75, and that he did then and there take, purloin, secrete, embezzle, and appropriate to his own use the money as aforesaid. The evidence shows, however, that he was not an agent but a factor, that he took in his possession not money, but pianos, to the possession of which he was lawfully entitled. We are not passing upon the guilt or innocence of the defendant. If guilty, however, it was because the appellant was a factor and converted to his own use the proceeds of property consigned to him and the extreme penalty would be imprisonment for not less than one nor more than five years.

In this state crimes and misdemeanors are defined and

punished by the statutes of the state and not otherwise. If, under the facts and evidence in this case, the ▇ defendant, appellant here, is guilty of embezzlement as defined in §2470 then the enactment of §2474 was useless, but said section has never been repealed or declared void and we must give effect to the same.

The facts in the case bring it within the letter, spirit, and intention of §2474, Burns 1926, §10-1708, Burns 1933, §2471, Baldwin's 1934.

We think it is clear that the verdict is not sustained by sufficient evidence and is therefore contrary to law. It is well settled that the record must contain some evidence to prove every essential element of the offense charged in the indictment, and, if not, the verdict will not be sustained by sufficient evidence and contrary to law.

Judgment reversed.