## 29954. LEVY v. THE STATE.

BROYLES, C. J. 1. "Any act of physical violence (and the law will not draw a line between different degrees of violence), inflicted on the person of another, which is not necessary, is not privileged, and which constitutes a harmful or offensive contact, constitutes an assault and battery. If the circumstances of the occasion be not such as the law would permit an inference that the battery proceeded from anger, the jury may nevertheless be authorized to conclude, considering its nature and the circumstances, that it resulted from a lack of proper respect for the person on whom the contact was made. Contact proceeding from rudeness is as offensive and harmful as that which proceeds from anger or lust, and in law constitutes an assault and battery." *Brown* v. *State*, 57 *Ga. App.* 864, 867, 868 (197 S. E. 82); *Hunt* v. *State*, 49 *Ga. App.* 13 (174 S. E. 156); *Goodrum* v. *State*, 60 *Ga.* 509, 511.

2. In the instant case, the judge, without a jury, was authorized to find from the evidence that the accused, while driving an automobile, put his arm around a boy whom he had hired to ride with him for the purpose of showing him the way to a certain theater, and placed his hands over "the private parts" of the boy; that such contact was offensive and harmful to the boy, at least to his feelings and self-respect; that the contact was not made with the boy's consent; and that the defendant, in committing said acts, was motivated by lust and lasciviousness, and that he was guilty of an assault and battery. The judge did not err in overruling the certiorari, the only assignment of error being on the ground that the judgment was unauthorized by the evidence.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*

DECIDED FEBRUARY 23, 1943. REHEARING DENIED APRIL 1, 1943.

*Howard, Camp & Tiller,* for plaintiff in error.

*Lindley W. Camp,* solicitor, *John A. Boykin,* solicitor-general, *Durwood T. Pye,* contra.