## Lenahan v. Commonwealth.

March 5, 1946.

Daniel W. Davies and Thomas D. Hirschfeld for appellant.

Eldon S. Dummit, Attorney General, and Guy H. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

Appellant was convicted of the common law crime of assault and battery, and sentenced to serve five years in the Campbell County jail. After the appeal was filed in this Court, the Attorney General moved the Court to strike from the record the purported bill of exceptions, because it had never been filed in the Circuit Court. The motion was passed to the merits, and is the first question for our determination.

The trial was commenced on the twenty-ninth day of March, 1945, and was concluded on the following day, which was Friday. Motion for a new trial was made on the fourth day of April. This motion was overruled, and an appeal to this Court was granted on the twentieth day of April, 1945. Judgment was entered and appellant sentenced on the following day, towit, April 21, 1945. On the thirteenth day of June, a motion was filed and sustained to grant appellant sixty days beyond the original time fixed by law (June 20, 1945) in which to prepare and file his bill of exceptions. The bill of exceptions, which included the transcript of the bill of evidence, was prepared, approved, and signed by the Trial

Judge on the fifteenth day of August. The certificate of the Judge contained the direction that the bill be filed and made a part of the record without being spread on the order book; but this direction was never carried out, and the bill of exceptions has been filed in this Court only. Section 282 of the Criminal Code of Practice provides that the bill of exceptions in a criminal case shall be prepared, settled, and signed, as provided in civil cases. Section 334 of the Civil Code of Practice provides that, when the bill of exceptions has been approved and signed by the judge of the court, it shall be filed in the office of the clerk of the court within the time prescribed. In Tipton v. Commonwealth, 207 Ky. 685, 269 S. W. 1007, and in numerous other cases, including Quisenberry v. Commonwealth, 299 Ky. 390, 185 S. W. 2d 669, this Court has held that, unless there be an order of court showing the filing of the bill of exceptions in the trial court, none of the matters necessary to be incorporated therein may be considered by this Court on appeal. In resisting the motion to strike the bill, appellant contends that the direction in the Trial Judge's certificate that the bill be filed is a sufficient compliance with the Code. But in thus contending, appellant loses sight of the fact that the certificate is not an order of the Court, and the bill of exceptions may be filed only by order of court, as we have observed. The provisions of the Code in this respect are mandatory, and must be complied with, in order to give this Court jurisdiction to pass upon the exceptions contained in the bill. Therefore, it is incumbent upon us to sustain the motion to strike the bill of exceptions from the record in this case; and which leaves for our consideration the sole question of the sufficiency of the indictment to charge a public offense.

The facts of the case paint such a sordid and revolting picture as to compel our refusal to cite them in detail. The crime charged in the indictment consists of acts of sexual perversion committed upon a six-year-old girl. It is contended that such conduct did not constitute the offense at common law; and since there is no specific statute on the subject, the indictment does not charge the commission of a public offense. In 6 C. J. S., Assault and Battery, Sec. 62, page 918, and 4 Am. Jur., pages 142 and 143, Sec. 27, it is said that an assault may consist of taking indecent liberties with a female

without her consent. Of course, a six-year-old child is incapable, in law, of giving her consent. In the same text, at pages 925 and 143, respectively, we find declarations to the effect that actual or physical injury is not a necessary element of the crime of assault and battery. Lewd and lascivious conduct toward another of less aggravation than the acts charged in this indictment was declared to be assault and battery in the following cases: Timmons v. Kenrick, 53 Ind. App. 490, 102 N. E. 52; State v. Johnson, 187 S. C. 439, 198 S. E. 1; and Levy v. State, 69 Ga. App. 265, 25 S. E. 2d 153. We are in accord with these authorities, and consequently hold the indictment charges a public offense.

The judgment is affirmed.