STOKES *v.* STATE OF INDIANA.

[No. 29,021. Filed November 13, 1953. Rehearing denied December 30, 1953.]

*Charles W. Symmes, Virgil Norris,* both of Indianapolis, and *Robert A. Buhler,* of Fort Wayne, for appellant.

*Edwin K. Steers,* Attorney General, and *Owen S. Boling,* Deputy Attorney General, for appellee.

DRAPER, J.—The appellant was found guilty of assault and battery with intent to kill, and murder one Glenn Kerry. His motion for new trial was overruled and this appeal followed. He here urges only that the evidence is not sufficient to sustain the finding and that the finding is contrary to law.

It is too well settled to require the citation of authority that on appeal this court will not weigh the evidence. We will, however, consider the evidence for the purpose of determining whether there is any substantial evidence of probative value from which it could reasonably have been found or inferred that the accused was guilty of the offense charged. *Christen* v. *State* (1950), 228 Ind. 30, 89 N. E. 2d 445.

The appellant insists there is no evidence that he was the one who fired the shot, and of course, if evidence of that fact were lacking, we would be required to reverse, for to sustain a conviction the record in a criminal case must contain some evidence to prove every essential element of the offense charged. *Robertson* v. *State* (1934), 207 Ind. 374, 192 N. E. 887.

No one testified they saw the appellant shoot at Kerry. The evidence does disclose, however, that about eleven o'clock at night the appellant knocked his wife down in the middle of a street in downtown Indianapolis. An approaching bus stopped and Kerry got off and, with a bystander, carried the woman from the street. Kerry mentioned calling the police and the appellant "took a swing" at Kerry and missed him. The appellant then went around back of his car and came out with a gun which he aimed at Kerry. The bus driver heard a shot and saw a "flasher". Kerry saw the appellant aiming the gun at him and he heard the shot, but saw no flash as he turned and ran. Thereafter Kerry's necktie was found to be perforated with powder burns,

and the evidence would further indicate that his shirt was creased by a bullet.

Appellant's argument seems to revolve more around what the evidence fails to show than around what it does show, and it must be admitted that the evidence was not well developed. Nevertheless, we think the trial court could reasonably infer from it that the report heard was not the backfiring of some automobile, and that the appellant, rather than some other person, fired a pistol at Kerry.

It is secondly contended there is no evidence that Kerry was touched, struck, beat or wounded, or to put it otherwise, appellant's claim is that Kerry was shot at, but not shot, and therefore the state failed to prove a battery.

There is no evidence that Kerry was wounded, but such is not essential to a battery. "A battery is an unlawful touching the person of another, by the aggressor himself, or any other substance put in motion by him." *Kirland* v. *The State* (1873), 43 Ind. App. 146. Actual injury is not a necessary element of an unlawful battery. *Butler* v. *Stockdale* (1902), 19 Pa. Super. 98; *Lenahan* v. *Commonwealth* (1946), 301 Ky. 714, 193 S. W. 2d 163. "One's wearing apparel is so intimately connected with the person, as in law to be regarded, in case of a battery, as a part of the person." *Kirland* v. *The State, supra.* See also 1 Wharton's Criminal Law, 12th Ed., p. 1107, §813. The evidence here is sufficient to disclose an unlawful battery.

Considering, as we are required to do on appeal, only the evidence most favorable to the party who prevailed below, we conclude that the evidence is sufficient to sustain the finding, and the finding is not contrary to law.

Judgment affirmed.

Gilkison, J., not participating.

## ON PETITION FOR REHEARING

DRAPER, C. J.—Because of appellant's earnest insistence, in his petition for rehearing, that we erred in holding the evidence sufficient to sustain a conviction of assault and battery with intent to kill and murder, we have again carefully reviewed it.

We think appellant's contention that there was no evidence to show that the burn was not on Kerry's tie before he became involved with the appellant is refuted by the record, which reveals that after Kerry's shirt, tie and battle jacket were identified by Kerry as being his, and were introduced in evidence, Kerry answered the following questions concerning them:

"Q. Is this the same tie and shirt and battle jacket you were wearing on the evening in question, at the time this gentleman shot at you?

"A. Yes sir.

. . . .

"Q. Sergeant, at the time did you notice anything different about this tie after you had met Mr. Stokes?

"A. Right here. It has been perforated from powder burns."

With reference to the shirt, the following appeared on cross-examination of Kerry by the appellant:

"Q. All this big crowd of people, didn't anybody see that your shirt had been creased by a bullet? Didn't the bus driver call it to your attention?

"A. No sir."

We think it is significant that this question was asked after the shirt had been produced in evidence, and that there had been no previous testimony whatever on the subject.[1]

---

1.  After both sides had rested and the trial court had requested a recommendation as to penalty, the prosecutor stated without objection:

From the foregoing taken from the record and the facts recited in our original opinion, we think the trial court was justified in finding that the appellant shot at Kerry with a pistol as charged in the indictment and struck his clothing, and although a felonious intent can be inferred from the intentional use of a deadly weapon, we also think there was some evidence of intent.

The appellant insists, however, there is no evidence that the pistol was loaded with gunpowder and metal bullets. At the trial Kerry identified the weapon which he said the appellant aimed at him by its size, shape and caliber. It is true no one testified he saw any bullet emerging from the barrel of the weapon, and the evidence does not disclose that any was ever found. It would seem to us, however, from the fact that Kerry's tie was burned, that the court could find the weapon was loaded with gunpowder, and if what was said about the shirt being creased by a bullet was of no value whatever, we still think the evidence was sufficient.

A pistol is a deadly weapon per se. *State* v. *Litman* (1927), 106 Conn. 345, 138 Atl. 132; *McCoy* v. *State* (1932), 122 Tex. Cr. 298, 54 S. W. 2d 530. Moreover, direct evidence of the fact that a weapon is loaded is unnecessary when such may be inferred from other facts and circumstances in evidence. 6 C.J.S., Assault & Battery, §125 (b). The appellant suggests that the pistol may have been loaded with blank cartridges, but no one, including appellant's wife, who said she owned the gun, so testified, and we feel that the evidence, taken together, amply justified the belief that this appellant was not playing with blanks that night.

"MR. SPARRENBERGER: Your Honor, from the evidence presented—his tie and his shirt—about another half inch and we would have had a dead man. I think the state can only ask for a complete penalty."

Rehearing denied.

Gilkison, J., not participating.

NOTE.—Reported in 115 N. E. 2d 442.