McCORMICK *v.* STATE OF INDIANA.
[No. 29,243. Filed June 14, 1955.]

394

*John G. Bunner,* of Evansville, for appellant.

*Edwin K. Steers,* Attorney General, and *Owen S. Boling,* Deputy Attorney General, for appellee.

EMMERT, C. J.—This is an appeal from a judgment entered on a finding that the appellant was guilty of obtaining credit in the amount of $125.00 by means of a fraudulent check as charged in an amended affidavit, for which he was sentenced to the Indiana State Prison for a term not less than one nor more than ten years. The error assigned here is the overruling of appellant's motion for a new trial, which assigned as causes therefor (1) the finding of the court was contrary to law, and

(2) the finding of the court was not sustained by sufficient evidence.

This is the second appeal in this prosecution. In *McCormick* v. *State* (1954), 233 Ind. 281, 119 N. E. 2d 5, this court, in an opinion by Chief Justice Draper, reversed a prior conviction and ordered the trial court to sustain appellant's motion to quash the affidavit. Pursuant to our mandate, the motion to quash was sustained by the trial court and the state filed an amended affidavit, which, omitting formal recitals, is as follows:

"CHARLES G. DUVALL being duly sworn upon his oath says that DANIEL FRANKLIN McCORMICK on or about the 30th day of MAY A.D., 1953, at said County and State as affiant verily believes did then and there unlawfully and fraudulently, by color and aid of a check on the Chrisney State Bank, Chrisney, Indiana, for the payment of money in the words and figures, following:

---

Chrisney State Bank—Chrisey, Indiana          71-1
                                                863

Evansville, Indiana
                    MAY 30     19 53     NO._____
THE NATIONAL BANK OF EVANSVILLE
CHRISEY STATE BANK ** CHRISEY INDIANA
PAY TO THE
    ORDER OF    West Side Auto Sales....$125.00
One Hundard Twenty Five—No/100   DOLLARS
West Side Office              s/   Dan McCormick

---

Reverse side of check    s/ West Side Auto Sales
                            Norman L. Bartlett

---

did then and there obtain from Norman L. Bartlett doing business as West Side Auto Sales, credit in

the amount of One Hundred Twenty Five Dollars ($125.00) on his account with said Norman L. Bartlett, doing business as West Side Auto Sales, which was then and there delivered to said Daniel Franklin McCormick in exchange for said check, when he, the said Daniel Franklin McCormick, maker of said check well knowing at the time of making, uttering to the order of the said Norman L. Bartlett, doing business as West Side Auto Sales, and delivering of said false and fraudulent check to the said Norman L. Bartlett, doing business as West Side Auto Sales, that the maker and drawer of said check did not then and there have sufficient funds in or credit with said bank for the payment of said check in full upon its presentation, the said Daniel Franklin McCormick thereby intending to defraud the said Norman L. Bartlett doing business as West Side Auto Sales, then and there being contrary to the form of the Statute, in such cases made and provided, and against the peace and dignity of the State of Indiana."

Only two witnesses testified for the state, and the appellant waived introduction of evidence in defense of the charge. At the conclusion of the state's evidence in chief appellant made a motion for a finding of not guilty, and renewed the motion after it had been overruled and he had rested.

The evidence is not in conflict. Norman L. Bartlett was doing business in Vanderburgh County as the West Side Auto Sales. May 30, 1953, he sold to the appellant a 1937 Ford automobile for the sum of $125.00. Bartlett made out the check described in the amended affidavit at his place of business, and the appellant signed it there. No credit was extended the appellant, and the check was for the full price of the car. The car was not sold on account, although Bartlett at times did sell used cars on open account. Bartlett deposited the check, and it was later returned because the maker had no account with the Chrisney State Bank.

Section 10-2105, Burns' 1942 Replacement (Acts 1927, Ch. 201, §6, p. 576) creates two offenses, obtaining something of value, or paying an obligation with a bad check. The provisions of the statute material to this opinion are as follows:

"Whoever with intent to defraud by obtaining money, merchandise, property, credit, or thing of value, although no express representation is made in reference thereto, or who, in the payment of any obligation, shall make, draw, utter or deliver any check, draft or order for the payment of money upon any bank, depository, person, firm or corporation, knowing at the time of such making, drawing, uttering or delivering that the maker or drawer has not sufficient funds in or credit with such bank, depository, person, firm or corporation, for the payment of such check, draft or order in full upon its presentation, shall, on conviction, be imprisoned in the state prison for not less than one [1] nor more than ten [10] years: . . ."

It is to be noted that the amended affidavit did not charge two offenses in the conjunctive but only the obtaining of credit in the amount of $125.00. In *Rogers* v. *State* (1942), 220 Ind. 443, 44 N. E. 2d 343, 143 A. L. R. 1074, this court held that where an affidavit under §10-2105, Burns' 1942 Replacement, charged the making, drawing, uttering and delivering of a fraudulent check "in the payment of an obligation," the charge was not sustained by proof that the accused delivered a check as cash payment for the purchase of a steer. Credit is not merchandise or property. The witness Bartlett was very clear and positive in his testimony that no credit was extended. What an accused obtains by means of a fraudulent check is a material and essential allegation of the crime charged under §10-2105, Burns' 1942 Replacement, *supra.*

"This court has held that a failure to prove a material allegation descriptive of the offense is fatal. *Foreman* v. *State* (1929), 201 Ind. 224, 167 N. E. 125." *Crouch* v. *State* (1951), 229 Ind. 326, 335, 97 N. E. 2d 860. "If any essential allegation of the offense charged is not proved, the verdict is not sustained by sufficient evidence and is contrary to law. *Price* v. *State* (1933), 204 Ind. 316, 184 N. E. 181; *Chapman* v. *State* (1901), 157 Ind. 300, 61 N. E. 670." *Carrier* v. *State* (1949), 227 Ind. 726, 730, 89 N. E. 2d 74.[1]

Since there was no evidence to sustain the charge that the appellant obtained credit by means of a fraudulent check, the finding is not sustained by sufficient evidence, and is contrary to law.

Judgment reversed and new trial ordered.

Bobbitt, Landis, Arterburn and Achor, JJ., concur.

NOTE.—Reported in 127 N. E. 2d 341.

1. " . . . for to sustain a conviction the record in a criminal case must contain some evidence to prove every essential element of the offense charged. *Robertson* v. *State* (1934), 207 Ind. 374, 192 N. E. 887." *Stokes* v. *State* (1953), 233 Ind. 10, 115 N. E. 2d 442.

"Conviction upon a charge not made would be sheer denial of due process." Chief Justice Hughes in *DeJonge* v. *Oregon* (1937), 299 U. S. 353, 362, 57 S. Ct. 255, 81 L. Ed. 278, 282.

See also *Cole* v. *Arkansas* (1948), 333 U. S. 196, 201, 68 S. Ct. 514, 92 L. Ed. 644, 648.