FERRELL *v*. STATE OF INDIANA.

[No. 30,873. Filed September 22, 1966.]

536

*Edgar A. Grimm,* and *Grimm, Grimm, Purdy & Hanson,* of counsel, of Kendallville, for appellant.

*John J. Dillon,* Attorney General, and *Donald R. Ewers,* Assistant Attorney General, for appellee.

RAKESTRAW, C. J.—This is an appeal from a conviction for issuing a fraudulent check. The appellant was president of Fairway Homes, Inc. Apparently the corporation was gradually getting involved in financial difficulties. At around the time of the alleged offense, the appellant was writing numerous checks and making some deposits. The check out of which this charge arises was made to Radio Equipment Company, Inc., in the amount of $3,256.59. When the check was presented for payment, there were not sufficient funds.

The appellant was charged by grand jury indictment which was filed on June 21, 1962. The pertinent part of the indictment reads as follows:

"... Robert D. Ferrell, did then and there unlawfully and feloniously with the *intent to defraud by obtaining good and lawful currency of the United States* of America in the sum of Three-Thousand Two Hundred Fifty-Six and 59/100 ($3,256.59) Dollars, the said Defendant did make, draw, utter and deliver to Radio Equipment Co., Inc., South Bend, Indiana, a certain check for the payment of money ..." [Our emphasis.]

On September 24, 1962, the appellant waived arraignment and entered his plea of not guilty to that indictment.

On November 6, 1963, the day the appellant's first trial began, the court, at the request of the appellee, entered an amendment to the indictment. The pertinent part of the indictment, as so amended, reads as follows:

". . . Robert D. Ferrell, did then and there unlawfully and feloniously with the *intent to defraud by obtaining payment of an obligation to Radio Equipment, Co., Inc.*, in the sum of THREE THOUSAND TWO HUNDRED FIFTY SIX and 59/100 DOLLARS ($3,256.59), the said Defendant did make, draw, utter and deliver to Radio Equipment, Co., Inc., South Bend, Indiana, a certain check for the payment of money . . ." [Our emphasis.]

After the conclusion of the appellant's first trial, he was found guilty of "obtaining money by fraudulent check." Later his motion for new trial was sustained.

On January 21, 1965, the defendant was again arraigned, and as shown by the court record entered a plea of "not guilty to the offense of obtaining money by fraudulent check as charged in the indictment." He was later tried again and on May 14, 1965 was found "guilty of the offense of obtaining money by fraudulent check, as charged in the indictment." Judgment was entered by the trial court on September 13, 1965, at which time the court adjudged the appellant guilty "of the offense of obtaining money by fraudulent check as charged in the indictment," and sentenced him to the Indiana State Prison for a period of not less than one year nor more than five years.

From the uncontroverted evidence for the prosecution, it appears that the check was issued for the purpose of paying an obligation of Fairway Homes, Inc. to the Radio Equipment Co., Inc., which obligation was made up of an account incurred over a period of time. The appellant himself submitted no evidence.

The only error relied upon by the appellant is the overruling of his motion for new trial. In his brief, he argues that the finding of the court was not sustained by sufficient evidence and was contrary to law.

The indictment charged the appellant with issuing a fraudulent check with the intent to defraud by obtaining good and lawful currency of the United States of America. The evidence, insofar as it tended to prove an offense, tended to prove that the appellant issued a fraudulent check in the payment of an obligation. The indictment was apparently brought under Burns' Ind. Stat. Anno. § 10-2105 (1956 Repl.). This section of the statute reads as follows:

> "Whoever with intent to defraud by obtaining money, merchandise, property, credit, or thing of value, although no express representation is made in reference thereto, or who, in the payment of any obligation, shall make, draw, utter or deliver any check, draft or order for the payment of money upon any bank, depository, person, firm or corporation, knowing at the time of such making, drawing, uttering or delivering that the maker or drawer has not sufficient funds in or credit with such bank, depository, person, firm or corporation, for the payment of such check, draft or order in full upon its presentation, shall, on conviction, be imprisoned in the state prison for not less than one [1] nor more than ten [10] years: Provided, however, That where the money, merchandise, property, or thing of value obtained is less than twenty-five dollars [$25.00], the punishment shall be the same as the punishment prescribed by law for petit larceny. The making, drawing, uttering or delivering of such check or draft or order as aforesaid shall be prima facie evidence of intent to defraud. The word "credit' as used herein shall be construed to mean an arrangement or understanding with the bank, depository, person, firm or corporation, for the payment of such check, draft or order." [Acts 1927, ch. 201, § 6, p. 575.]

This statute makes it a crime to issue a fraudulent check either with the intent to defraud by obtaining money, merchandise, property, credit or thing of value, or to issue a fraudulent check in the payment of an obligation.

It has been determined that this statute creates two separate offenses, and if a defendant is charged with one of the offenses and the evidence tends to show the other, the variance is fatal. *Rogers* v. *State* (1942), 220 Ind. 443, 44

N. E. 2d 343; *McCormick* v. *State* (1955), 234 Ind. 393, 127 N. E. 2d 341.

It is argued by the appellee that the grand jury indictment was properly amended without objection and that the indictment as amended has been sufficiently supported by the evidence. Under Burns' Ind. Stat. Anno. § 9-1133 (1956 Repl.), the court may at any time amend "in respect to any defect, imperfection or omission in form, provided no change is made in the name or identify of the defendant or defendants or of the crime sought to be charged."

However, what an accused obtains by means of a fraudulent check is a material and essential allegation of the crime charged under this particular statute. *McCormick* v. *State, supra.* It follows, therefore, that such an amendment was not a mere matter of form, but a matter going to the crime sought to be charged. It is of course well settled that no amendment as to matters of substance can be made in a criminal affidavit or indictment after the defendant has entered a plea. *State ex rel. Kaufman* v. *Gould* (1951), 229 Ind. 288, 98 N. E. 2d 184.

It is worthy of note that the defendant in his plea after his first trial, and the court in both of its findings and in its final judgment referred to the offense of *obtaining money* by a fraudulent check. Both the court and the appellant apparently ignored the purported amendment to the indictment.

It is also worth noting that in its final judgment, the court sentenced the appellant to the Indiana State Prison for a period of not less than one year nor more than five years. Such a sentence is *not provided for under* Burns' Ind. Stat. Anno. § 10-2105, *supra.* Burns' Ind. Stat. Anno. § 10-2104 (1956 Repl.) reads as follows:

"Whoever, with intent to defraud, or by color or aid of a check, draft or order for the payment of money or the delivery of property, although no express representation is made in reference thereto, obtains from another any

money or property, when the drawer or maker of such check, draft or order is not entitled to draw on the drawee for the sum specified therein, or to order the payment of the money or the delivery of the property, shall, on conviction, be fined not less than one hundred dollars [100] nor more than five thousand dollars [$5,000], to which may be added imprisonment in the state prison not less than one [1] year nor more than five [5] years." [Acts 1905, ch. 169, § 678, p. 584.]

While this section deals with fraudulent checks and provides a penalty of one to five years in addition to a fine, it makes no reference to the payment of any obligation.

It follows that the finding and judgment of the trial court were contrary to law. We do not deem it necessary to discuss the other purported errors argued in the brief.

The judgment of the trial court is reversed and the cause is remanded to the trial court with instructions to grant the appellant's motion for new trial.

Arterburn, Jackson & Myers, JJ., concur. Achor, J., not participating.

NOTE.—Reported in 219 N. E. 2d 804.