444 So.2d 1096 (1984)
Albert MALCZEWSKI, Appellant,
v.
STATE of Florida, Appellee.
No. 83-1555.
District Court of Appeal of Florida, Second District.
January 25, 1984.
*1097 Jerry Hill, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William L. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Acting Chief Judge.
Albert Malczewski appeals a conviction and sentence for aggravated battery imposed upon him after the denial of his motion to dismiss a count of an amended information which charged him with aggravated battery. We affirm.
The amended aggravated battery count which Malczewski sought to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4) alleged that on March 16, 1983, Malczewski, "by use of a deadly weapon, to-wit [sic]: a knife, did knowingly and intentionally touch or strike Dwain Reeder against his will by stabbing the money bag Dwain Reeder was clutching to his chest, thereby placing Dwain Reeder in fear."
As grounds for dismissal of this amended count, which he labeled as "confusing and contradictory," Malczewski outlined the following material, undisputed facts:
1. That on March 16, 1983, Dwain Reeder, an employee of Publix Supermarkets was walking to a bank accompanied by one Tony Gregoris for the purpose of making a deposit at said bank.
2. Mr. Reeder was carrying a money bag which contained bundles of checks and currency in it.
3. While walking to the bank, Mr. Reeder was accosted by an armed individual who demanded Mr. Reeder relinquish possession of the money bag.
4. Mr. Reeder held said money bag next to his chest and at first did not drop it or relinquish possession of it.
5. The armed individual thereupon struck [sic] an object, believed by Mr. Reeder to be a knife, into said money bag, but not coming into contact with Mr. Reeder himself.
6. Mr. Reeder's body never came into direct contact with the object he believed to be a knife, nor did he suffer any physical injury from said object.
The state filed a traverse under Florida Rule of Criminal Procedure 3.190(d) which admitted the allegations contained in paragraphs 1 through 6 of Malczewski's motion to dismiss. However, the traverse added the following facts which the state believed necessary for a fair determination of the issue:
a. The victim was carrying the night money bag from the Publix Store to a nearby bank for deposit.
b. In the bag was $4,650.00 in cash and over $6,000.00 in checks.
c. The Defendant approached from the rear, pulled out a pistol and pointed it at both victim Reeder and victim's assistant... . The Defendant pointed the pistol at both of them and clicked it twice. Both victims believed the gun was real and deadly and were in great fear for their lives.
d. The Defendant ordered the victim to "drop the bag". Instead, the victim clutched the bag to his chest. The Defendant then pulled out a knife and lunged at the victim Reeder. The Defendant stabbed the bag, which was held against Reeder's chest. The knife blade went through the bag, puncturing several of the checks and deposit slips which were inside. The victim used the bag for *1098 protection and only the bag prevented the knife from entering victim's chest.
The applicable 1981 Florida Statutes provide in relevant part as follows: "784.03 Battery.  (1) A person commits battery if he: (a) Actually and intentionally touches or strikes another person against the will of the other; ... . 784.045 Aggravated battery.  (1) A person commits aggravated battery who, in committing battery: ... (b) Uses a deadly weapon."
The trial court entered an order denying Malczewski's motion to dismiss the amended aggravated battery count. Malczewski thereafter pled nolo contendere as to the amended count, expressly reserving his right to appeal the denial of his motion to dismiss. The court subsequently rendered an order adjudicating him guilty of aggravated battery and sentencing him thereon to a ten-year term of imprisonment.
Malczewski contends that the stabbing of the money bag carried by Dwain Reeder did not constitute an aggravated battery because there was never any actual contact between the knife which he wielded and Reeder. He contends further that in order for a battery to occur the victim or plaintiff must suffer an actual harmful or unconsented contact which is caused by the criminal defendant or tort-feasor. Goswick v. State, 143 So.2d 817 (Fla. 1962); Chorak v. Naughton, 409 So.2d 35 (Fla. 2d DCA 1981); Rodriguez v. State, 263 So.2d 267 (Fla. 3d DCA 1972). The state responds that the accusatory pleading establishes a harmful or offensive contact, stressing that it is a general proposition of criminal law that a battery may be against something carried by the victim. See 6A C.J.S. Assault & Battery § 70; Respublica v. DeLongchamps, 1 U.S. (Dall.) 111, 1 L.Ed. 59 (1784). The state contends and we agree that under the facts of this case the victim was subjected against his will to an intentional touching by Malczewski. See Grant v. State, 363 So.2d 1063 (Fla. 1978).
The issue before us is whether the language of Florida's battery statute, section 784.03(1)(a), particularly the words, "[a]ctually ... touches or strikes another person," encompasses the conduct engaged in by Malczewski. None of the Florida cases cited by either party is directly on point.
Turning to hornbook law, Dean William Prosser wrote:
The protection [afforded a plaintiff by an action for the tort of battery] extends to any part of the body, or to anything which is attached to it and practically identified with it. Thus contact with the plaintiff's clothing, or with a cane, a paper, or any other object held in his hand, will be sufficient... . His interest in the integrity of his person includes all those things which are in contact or connected with it.

W. Prosser, Law of Torts § 9 at 34 (4th ed. 1971). (Emphasis added.)
Commentators have stated that the above common law rule with respect to the tort of battery applies as well to the crime of battery. In 6 Am.Jur.2d Assault and Battery § 37 at 38, it is stated:
The rules that to be held liable for a battery the offender need not directly effect the unlawful contact with the person of the victim, and that a battery need not be committed directly against the person of the victim, but may be committed against anything so intimately connected with the person of the victim as in law to be regarded as a part of that person, are applicable in criminal prosecutions for battery, as are the principles that there may be a battery in the legal sense of the term even though no physical harm resulted therefrom... .
(Footnotes omitted and emphasis added.) Similarly, in 6A C.J.S. Assault and Battery, § 70 at 440-41, cited by the state, it is said: "It is essential to the [criminal] offense of battery ... that there be a touching of the person of the prosecutor, or something so intimately associated with, or attached to, his person as to be regarded as a part thereof... . The contact may have been ... with something carried by him." (Footnotes omitted and emphasis added.)
*1099 The eighteenth century criminal case cited by the state, Respublica v. DeLongchamps, lends support to the logical and reasonable proposition of criminal law that there need not be an actual touching of the victim's person in order for a battery to occur, but only a touching of something intimately connected with the victim's body. See also Stokes v. State, 233 Ind. 10, 115 N.E.2d 442 (1953).
In Respublica v. DeLongchamps, which is almost directly on point, the defendant struck the victim's cane. In affirming his conviction for assault and battery, the Supreme Court of Pennsylvania said that the assault and battery
is, perhaps, one of that kind, in which the insult is more to be considered, than the actual damage; for, though no great bodily pain is suffered by a blow on the palm of the hand, or the skirt of the coat, yet these are clearly within the legal definition of assault and battery... . [T]herefore, any thing attached to the person, partakes of its inviolability... .

1 U.S. (Dall.) at 114, 1 L.Ed. at 61. (Emphasis added.)
In Stokes, the defendant fired a gun at the victim. The bullet perforated the victim's necktie and creased his shirt. In upholding the battery conviction, the Indiana Supreme Court held, quoting from one of its earlier cases, Kirland v. State, 43 Ind. 146 (1873), that "`[o]ne's wearing apparel is so intimately connected with the person, as in law to be regarded, in case of a battery, as a part of the person.'" 115 N.E.2d at 443.
Several out-of-state cases have suggested the same result as DeLongchamps and Stokes by way of dicta. See Huffman v. State, 200 Tenn. 487, 292 S.W.2d 738 (1956); State v. Sudderth, 184 N.C. 753, 114 S.E. 828 (1922); Reese v. State, 3 Tenn. Cr.App. 97, 457 S.W.2d 877 (1970).
Considering the above-quoted authorities and case law on the subject of the crime of battery, we hold that the word "person" in our state's battery statute, section 784.03(1)(a), means person or anything intimately connected with the person. Applying this definition of "person" to the facts of this case, we submit that it would be an overly restrictive construction of section 784.03(1)(a) to decide that the money bag which Reeder clutched to his chest to protect himself from a serious injury or death, when Malczewski "actually" stabbed it with a knife during his attack, was not a part of Reeder's "person" as contemplated by the statute.
Accordingly, we affirm Malczewski's conviction and sentence for aggravated battery.
AFFIRMED.
GRIMES and LEHAN, JJ., concur.