v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0810–JV–972.

Court of Appeals of Indiana.

May 4, 2009.

■■■

Chris P. Frazier, Marion County Public Defender Agency, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Tiffany N. Romine, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

E.D. was adjudicated a delinquent child in Marion Superior Court for carrying a handgun without a license, a Class A misdemeanor if committed by an adult. E.D. appeals arguing that the evidence was insufficient to prove that E.D. constructively possessed the handgun. We reverse.

### Facts and Procedural History

On May 24, 2008, Indianapolis Metropolitan Police Department Officer Gary Toms ("Officer Toms") initiated a traffic stop of a vehicle with a missing headlight. There were five individuals in the car; E.D. was seated in the backseat between two males. Officer Toms asked the driver for identification and the driver stated that he did not have a driver's license. Officer Toms placed him in custody and then asked the other passengers to get out of the vehicle so he could do an inventory search prior to having the vehicle towed.

During the inventory search, Officer Toms found a handgun in the pocket behind the driver's seat, approximately one foot away from where E.D. had been sitting. Officer Toms also found a "blunt" allegedly containing marijuana in the pocket behind the front passenger's seat, approximately two feet away from where

E.D. had been sitting. Finally, Officer Toms found a small baggie of what appeared to be marijuana in the front cup holder.

On May 27, 2008, E.D. was alleged a delinquent child on Count I: carrying a handgun without a license, which would be a Class A misdemeanor if committed by an adult, and Count II: possession of marijuana, which would be a Class A misdemeanor if committed by an adult. The trial court entered a true finding with respect to Count I. Count II was dismissed because the chemist was not present to testify as to the substance found in the vehicle. The trial court suspended E.D.'s commitment to the Department of Correction with the following conditions: undergo a substance abuse evaluation and random drug testing; abide by a 7:00 p.m. curfew for sixty days; participate in the "Think for a Change" program; remove all weapons from the home; prohibit riding in vehicles without his mother or another adult's permission; and to pay court-ordered fees. E.D. now appeals.

### I. Insufficient Evidence

■■ E.D. argues that the evidence is insufficient to support the delinquency adjudication—specifically that the evidence is insufficient to prove that E.D. was in constructive possession of a handgun without a license. When the State seeks to have a juvenile adjudicated as a delinquent child for committing an act which would be a crime if a committed by an adult, the State must prove every element of the crime beyond a reasonable doubt. *J.S. v. State*, 843 N.E.2d 1013, 1016 (Ind.Ct.App.2006), *trans. denied*. In reviewing a juvenile adjudication, this court will consider only the evidence and reasonable inferences supporting the judgment and will neither reweigh evidence nor judge the credibility of the witnesses. *Id.* If there is substantial evidence of probative value from which a

reasonable trier of fact could conclude that the juvenile was guilty beyond a reasonable doubt, we will affirm the adjudication. *Id.*

■ Indiana Code section 35–47–2–1 states in pertinent part: "a person shall not carry a handgun in any vehicle or on or about his person ... without a license[.]" *See* Ind.Code § 35–47–2–1 (2004 & Supp.2007). To convict E.D. of Class A misdemeanor possession of a handgun without a license, the State is required to prove that "the handgun was found in a vehicle and that the defendant *had control of either the weapon* or of the vehicle with knowledge of the weapon's presence." *Grim v. State,* 797 N.E.2d 825, 831 (Ind.Ct. App.2003) (emphasis in original) (citations omitted). Additionally, it must be established that there was an intention to convey or transport the weapon. *Id.* (citing *Klopfenstein v. State,* 439 N.E.2d 1181, 1184 (Ind.Ct.App.1982)).

■ To satisfy the element of control, the State must show that E.D. had constructive possession, which occurs when an individual has the intent and capability to maintain dominion and control over the contraband. *Bradshaw v. State,* 818 N.E.2d 59, 62 (Ind.Ct.App.2004). Where a person's control is non-exclusive, intent to maintain dominion and control may be inferred from additional circumstances that indicate that the person knew of the presence of contraband. *Allen v. State,* 798 N.E.2d 490, 501 (Ind.Ct.App.2003). These additional circumstances include: 1) incriminating statements made by the defendant; 2) attempted flight or furtive gestures; 3) location of substances like drugs in settings that suggest manufacturing; 4) proximity of the contraband to the defendant; 5) the location of the contraband within the defendant's plain view, and; 6) the mingling of the contraband with other items owned by the defendant. *Jones v.*

*State,* 881 N.E.2d 1095, 1098–99 (Ind.Ct. App.2008).

In *D.C.C. v. State,* 695 N.E.2d 1015 (Ind. Ct.App.1998), a police officer initiated a traffic stop of a vehicle and D.C.C. was sitting in the front passenger seat. The police officer arrested both D.C.C. and the driver of the car for curfew violation and possession of alcohol by a minor. After searching the car, another officer found a gun under D.C.C.'s seat. The gun was positioned in a way that it could not be seen by a passenger in that seat. Without any other evidence, we found that the State failed to prove that D.C.C.'s constructive possession of the gun could be inferred. *Id.* at 1016–17.

In *Ferrell v. State,* 656 N.E.2d 839, 842 (Ind.Ct.App.1995), however, we found that there was sufficient circumstantial evidence to support an inference of constructive possession. In that case, a witness to a shooting saw Ferrell carrying a pistol during the incident. Approximately twenty minutes later, an officer stopped a vehicle matching the description only blocks from the shooting. After Ferrell was ordered out of the car, the officer seized a pistol from beneath the seat in a location that was within Ferrell's reach. We held that the evidence was sufficient to conclude that Ferrell had discarded the pistol under the seat prior to the police stop of the vehicle. *Id.*

Unlike the defendant in *Ferrell,* other than E.D.'s proximity to the gun, there was no other evidence to suggest that E.D. had capability to maintain control and dominion of the gun. Officer Toms testified that E.D. was sitting in the back of the car between two other males, approximately one foot away from the gun. However, Officer Toms also testified that the gun was approximately "arm's length" away, or two feet, from the passenger riding behind the driver's seat. Tr. p. 19. Thus, E.D.

was only marginally closer to the gun. Additionally, the gun was arguably in reach of the driver, who was three to three-and-a-half feet away from the gun if he turned to reach for it.

The State did not provide evidence establishing whether the gun was in plain view, and there was no evidence to suggest that E.D. made incriminating statements regarding knowledge of the gun or that E.D. made furtive gestures. Accordingly, we reverse E.D.'s adjudication as a delinquent child for possession of a handgun without a license, a Class A misdemeanor if committed by an adult.

Reversed.

RILEY, J., and KIRSCH, J., concur.