## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 29 2015, 9:37 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Ellen F. Hurley
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Paula J. Beller
Deputy Attorney General of Indiana
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| D.S., <br> *Appellant-Respondent,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Petitioner.* | October 29, 2015 <br><br> Court of Appeals Case No. <br> 49A04-1504-JV-161 <br><br> Appeal from the Marion County Superior Court, Juvenile Division <br><br> The Honorable Marilyn Moores, Judge <br><br> The Honorable Geoffrey Gaither, Magistrate <br><br> Trial Court Cause No. <br> 49D09-1412-JD-002913 |

**Pyle, Judge.**

# Statement of the Case

D.S. appeals from the juvenile court's order determining him to be a juvenile delinquent for an act that would constitute Class A misdemeanor battery if committed by an adult. D.S. does not dispute that he touched the victim and caused her bodily injury; instead, he argues that there was insufficient evidence to show that he knowingly or intentionally did so. Concluding that there is sufficient evidence of D.S.'s intent, we affirm his true finding.

We affirm.

# Issue

> Whether there is sufficient evidence to support D.S.'s true finding for battery.

# Facts

On October 29, 2014, seventeen-year-old D.S. was at the house of fifteen-year-old J.D., whom he had known for over three years. While there, the two "argued" for approximately thirty minutes. (Tr. 4). When J.D. started to walk away, D.S. grabbed at her shirt to pull her back and scratched her neck. D.S. then left the house.

The following day, J.D.'s father saw the scratch on J.D.'s neck and called the police. J.D. spoke to Detective Jeremy Nix ("Detective Nix") of the Indianapolis Metropolitan Police Department, and he took a photograph of the injury to J.D.'s neck.

Thereafter, the State filed a petition alleging that D.S. was a delinquent child for committing an act that would have been Class A misdemeanor battery if committed by an adult. On March 10, 2014, the juvenile court held a fact-finding hearing, during which the State presented testimony from J.D. and Detective Nix and introduced an exhibit showing the injury to J.D.'s neck. During J.D.'s testimony, she testified that she thought that D.S. had "accidently" grabbed and scratched her neck when he was trying to pull her back by her shirt. (Tr. 4). At the conclusion of the hearing, the juvenile court determined that D.S. had committed the act of battery as alleged and entered a true finding for battery. At the disposition hearing, the juvenile court placed D.S. on probation and ordered him to have no contact with J.D. D.S. now appeals his true finding.

## Decision

D.S. challenges the sufficiency of the evidence to support his true finding for battery.

We have explained our standard of review for a challenge to the sufficiency of the evidence in a juvenile delinquency case as follows:

> When the State seeks to have a juvenile adjudicated as a delinquent child for committing an act which would be a crime if a committed by an adult, the State must prove every element of the crime beyond a reasonable doubt. In reviewing a juvenile adjudication, this court will consider only the evidence and reasonable inferences supporting the judgment and will neither reweigh evidence nor judge the credibility of the witnesses. If there is substantial evidence of probative value from which a

reasonable trier of fact could conclude that the juvenile was guilty beyond a reasonable doubt, we will affirm the adjudication.

*E.D. v. State*, 905 N.E.2d 505, 506-07 (Ind. Ct. App. 2009) (internal citations omitted).

[8] The battery statute, INDIANA CODE § 35-43-2-1(b)(1), provides that "[a] person who knowingly or intentionally . . . touches another person in a rude, insolent, or angry manner . . . commits battery, a Class B misdemeanor."  The offense is a Class A misdemeanor if the battery results in bodily injury to the other person.  I.C. § 35-43-2-1(c).  Thus, to support a true finding for battery as alleged, the State was required to establish that D.S. "knowingly or intentionally touched" J.D. "in a rude, insolent, or angry manner, which resulted in bodily injury, to wit: scratched skin." (App. 25).  "A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." I.C. § 35-41-2-2(b).  "A person engages in conduct 'intentionally' if, when he engages in the conduct, it is his conscious objective to do so."  I.C. § 35-41-2-2(a).

[9] D.S. does not dispute that he touched J.D. in a manner that caused her bodily injury.  Instead, he argues that there is insufficient evidence to show that he knowingly or intentionally did so.  D.S. acknowledges that he "grabbed at J.D.'s shirt as she walked away," and did so "to pull her back[.]" (D.S.'s Br. 5).  D.S., however, disputes that this action shows that he knowingly or intentionally touched her in a rude, insolent, or angry manner.  To support his argument that there was insufficient evidence of his intent, D.S. points to J.D.'s

testimony that she did not think that D.S. intended to touch her neck and scratch her when he grabbed her shirt. He also contends that there is no evidence that they were engaged in a heated argument because J.D. did not characterize it as such.

[10] Contrary to D.S.'s assertion, there is sufficient evidence to support the trial court's conclusion that D.S. knowingly or intentionally committed battery causing bodily injury. The "requisite intent [for the offense of battery] may be presumed from the voluntary commission of the act." *Mishler v. State*, 660 N.E.2d 343, 348 (Ind. Ct. App. 1996). The trial court, acting as the trier of fact, may resort to reasonable inferences based on examination of the surrounding circumstances to determine the existence of the requisite intent. *White v. State*, 772 N.E.2d 408, 413 (Ind. 2002). "We will affirm a conviction for battery so long as there is evidence of touching, however slight." *Mishler*, 660 N.E.2d at 348.

[11] Furthermore, as our supreme court explained long ago:

> A battery is the actual infliction of violence on the person. This averment will be proved by evidence of any unlawful touching of the person of the plaintiff, whether by the defendant himself, or by any substance put in motion by him. The degree of violence is not regarded in the law; it is only considered by the jury, in assessing the damages in a civil action, or by the judge in passing sentence upon indictment. Thus, any touching of the person in an angry, revengeful, rude, or insolent manner; spitting upon the person; jostling him out of the way; pushing another against him; throwing a squib or any missile, or water upon him; striking the horse he is riding, whereby he is thrown; *taking hold of his clothes*

> *in an angry or insolent manner, to detain him, is a battery*. So, striking
> the skirt of his coat or the cane in his hand, is a battery. For
> anything attached to his person partakes of its inviolability.

*Kirland v. State*, 43 Ind. 146, 149 (1873) (quoting Greenleaf on Evidence) (emphasis added). "Indeed, a person my commit the 'touching' necessary for battery by touching another's apparel" because "a person's apparel is so intimately connected with the person that it is regarded as part of the person for purposes of the battery statute." *Impson v. State*, 721 N.E.2d 1275, 1285 (Ind. Ct. App. 2000) (citing *Stokes v. State*, 115 N.E.2d 442, 443 (Ind. 1953), *reh'g denied*).

[12]     D.S.'s argument that J.D.'s testimony regarding her belief regarding his intent is simply a request to reweigh the evidence, which we will not do. *See E.D.*, 905 N.E.2d at 506. Here, the evidence shows that D.S. and J.D. "argued" for approximately thirty minutes and that D.S. grabbed J.D. as she tried to walk away from him. (Tr. 4). There is no dispute that D.S. intended to grab J.D.'s shirt and pull her back when she walked away from him. When pulling her back by her shirt, he scratched her neck. J.D. testified that she did not give D.S. permission to grab her. After considering both J.D.'s testimony and the reasonable inferences surrounding the circumstances of D.S.'s actions, the trial court, as trier of fact, determined that D.S. had the requisite intent for the offense of battery. We will not reweigh the evidence or reevaluate the trial court's credibility determination. *See E.D.*, 905 N.E.2d at 506. Accordingly, we affirm D.S.'s true finding for battery.

Affirmed.

Vaidik, C.J., and Robb, J., concur.