## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 09 2019, 9:08 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John R. Worman
Evansville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

D.M.,
*Appellant-Respondent,*

v.

State of Indiana,
*Appellee-Petitioner.*

September 9, 2019

Court of Appeals Case No.
19A-JV-638

Appeal from the Vanderburgh
Superior Court

The Honorable Brett J. Niemeier,
Judge

Trial Court Cause No.
82D04-1812-JD-2338

**Mathias, Judge.**

[1]     D.M. appeals the Vanderburgh Superior Court's adjudication that he committed the delinquent act of theft as a Level 6 felony if committed by an

adult. D.M. presents one issue for our review: whether the State presented sufficient evidence to support the delinquency adjudication. We affirm.

## Facts and Procedural History

[2] On December 21, 2018, thirteen-year-old D.M. and two minor friends, K.A. and K.C., were at the home D.M. shared with his mother ("Mother"). Tr. pp.18–19, 23. The three boys took advantage of Mother's absence and went upstairs to her bedroom, where they did not have permission to be. Tr. p. 19. They located Mother's jewelry box, which contained numerous rings, a watch, and a gold necklace. *Id.* at 19, 33.

[3] K.A. left the house first. He was on the porch of his own home later that day when D.M. and K.C. arrived. Tr. p. 21. They asked K.A. to "hold" some jewelry for them, and after some resistance, K.A. agreed. *Id.*

[4] Two days later, on December 23, Mother reported her jewelry stolen. Tr. p. 32. She identified the missing jewelry to police and approximated its value at $3,000.00. In making her report, Mother indicated that D.M. may have been involved in the theft and that D.M. had invited friends to the house without her permission. Tr. pp. 33–34. Further, Mother learned from K.C.'s mother that K.C. and his sister had been seen with Mother's jewelry, and that a third boy, K.A., was also involved. Tr. p. 34. Mother called K.A.'s mother to ask about the missing jewelry. Tr. p. 22. K.A. admitted knowing about her missing rings, and he returned three rings to Mother. K.A. later said he had given away one other ring in order to "get it off my hands." Tr. pp. 22, 29.

A delinquency petition alleging that D.M. committed what would be Level 6 felony theft if committed by an adult was filed on December 27. Appellant's App. p. 14. Hearings were held on January 4, January 14, and January 30, 2019. On February 5, the juvenile court determined D.M. was a delinquent child. The court issued its dispositional order on February 25, placing D.M. on probation and in the custody of his father. Tr. p. 59. This appeal ensued.

## Discussion and Decision

D.M. challenges the sufficiency of the evidence supporting his adjudication as a delinquent for theft.

> When the State seeks to have a juvenile adjudicated as a delinquent child for committing an act which would be a crime if [] committed by an adult, the State must prove every element of the crime beyond a reasonable doubt. In reviewing a juvenile adjudication, this court will consider only the evidence and reasonable inferences supporting the judgment and will neither reweigh evidence nor judge the credibility of the witnesses.

*E.D. v. State*, 905 N.E.2d 505, 506 (Ind. Ct. App. 2009) (internal citations omitted). "Circumstantial evidence is no different than other evidence for this purpose, and standing alone may sufficiently support a conviction." *R.L.H. v. State*, 738 N.E.2d 312, 315 (Ind. Ct. App. 2000). We will affirm an adjudication if there is substantial evidence of probative value from which a reasonable trier of fact could conclude the juvenile is guilty beyond a reasonable doubt. *E.D.*, 905 N.E.2d at 506–07.

[7] The theft statute, Indiana Code section 35-43-4-2, provides that "[a] person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, commits theft[.]" A theft conviction may be sustained by circumstantial evidence. *Bennett v. State*, 871 N.E.2d 316, 323 (Ind. Ct. App. 2007), *opinion adopted by Bennett v. State*, 878 N.E.2d 836 (Ind. 2008). To support a true finding for theft, the State was required to establish that D.M. knowingly or intentionally exerted unauthorized control over Mother's jewelry with intent to deprive her of its value or use.

[8] D.M. suggests that the State failed to prove that he exerted unauthorized control over Mother's jewelry because it was not recovered or found in D.M.'s possession. Appellant's Br. at 9–10. The theft statute does not, however, require the State to prove that a defendant was found in possession of stolen property or that the property was later recovered from a defendant in order to find that the defendant committed theft. *See* I.C. § 35-43-4-2(a). Rather, the theft statute requires that the person "exert unauthorized control over property[.]" *See id.* A person's control over property is unauthorized when it is, among other things, "without the other person's consent[.]" I.C. § 35-43-4-1(b).

[9] Here, Mother testified that she discovered the theft after returning home from work and observed her bedroom in disorder and her jewelry missing. Tr. p. 33. D.M. was not allowed to have friends to the house without Mother's permission. D.M. and his friends did not have permission to enter her bedroom, let alone to take her jewelry. Tr. p. 36. K.A. testified that when he left D.M.'s

house, he did not take jewelry with him. The State proved that K.A. and K.C. were later found to be in possession of jewelry from Mother's bedroom, and K.A. admitted that several rings were in his possession. Tr. pp. 30–31. Thus, the evidence presented and the reasonable inferences to be drawn therefrom are sufficient to support a conclusion that D.M. was at Mother's house with his friends and was involved in exerting unauthorized control over Mother's property by locating the jewelry and removing it from the bedroom without her consent. *See also Bennett*, 871 N.E.2d at 323 (affirming defendant's conviction for theft of tools and knife where those items were never recovered or found in defendant's possession, but where circumstantial evidence supported conclusion that defendant had exercised control over items).

[10] D.M. also suggests that the State failed to prove he intended to deprive Mother of the value or use of the jewelry. Appellant's Br. at 10–11. "Knowledge and intent are both mental states and, absent an admission by the defendant, the trier of fact must resort to the reasonable inferences from both the direct and circumstantial evidence to determine whether the defendant has the requisite knowledge or intent to commit the offense in question." *Stokes v. State*, 922 N.E.2d 758, 764 (Ind. Ct. App. 2010), *trans. denied*. We note that the fact that D.M. was not found in possession of Mother's jewelry tends to point to his intent to deprive her of the jewelry's value or use. Mother's testimony demonstrates that she believed her son was responsible for her missing jewelry. Tr. p. 33. Additionally, K.A. testified that D.M. gave him jewelry, which K.A. later found out belonged to Mother. Tr. pp. 21–22. To find that the State did

not prove D.M.'s intent to deprive Mother of the value or use of her jewelry would require judging Mother's and K.A.'s credibility as witnesses and reweighing evidence of the jewelry's location. It is well-settled that in reviewing a juvenile court's findings, we will not reweigh evidence nor judge witness credibility.

[11] Therefore, because there was sufficient evidence of probative value from which the trier of fact could have concluded that D.M. was guilty beyond a reasonable doubt, we affirm D.M.'s delinquency adjudication for theft.

Robb, J., and Pyle, J., concur.