## STARR *v.* THE STATE.

[No. 19,899.    Filed May 26, 1903.]

CRIMINAL LAW.—*Assault and Battery.*—*Felonious Intent.*—Where in a prosecution for assault and battery, with intent to commit murder, the evidence showed that defendant, without provocation, attacked prosecuting witness with a hatchet, inflicting a dangerous wound on his head and face, the jury were authorized to infer that the assault was made with felonious intent. *p. 664.*

SAME.—*Different Offenses.*—*Instruction.*—No error was committed in instructing the jury in a prosecution for an assault and battery with intent to commit murder that if they found from the evidence beyond a reasonable doubt that defendant committed an assault and battery on the prosecuting witness with intent to commit murder in the first degree, or with intent to commit

Starr *v.* State.

murder in the second degree, or with intent to commit manslaughter, or an assault and battery only, it would be their duty to find him "guilty as charged " where the instruction fully advised the jury as to the penalty to be inflicted and the form of their verdict in case of a conviction of either offense stated. *pp. 665, 666.*

CRIMINAL LAW.—*Instruction.*—*Harmless Error.*—Alleged error of court in explaining to the jury in an instruction the premeditated malice which is a necessary ingredient of murder in the first degree, and of an assault and battery with intent to commit that crime, and the unpremeditated purpose to kill which enters into the crime of manslaughter, and into an assault and battery with intent to commit that offense, was not prejudicial to defendant, where he was convicted of assault and battery with intent to commit manslaughter. *p. 666.*

SAME.—*Assault and Battery.*—*Instruction.* —*Self-Defense.*— An instruction in a prosecution for assault and battery with intent to commit murder, that one who provokes, or voluntarily enters into a combat, may not avail himself of the excuse of self-defense, unless he first withdraws from the combat which he has brought on, was not erroneous, where it was authorized by the evidence. *pp. 666, 667.*

TRIAL.—*Instructions.*—*Verbal Inaccuracies.*—A cause will not be reversed because of the mere verbal inaccuracy in a sentence of an instruction, where the error was fully corrected and the meaning of the instruction made clear by the sentence following. *pp. 667, 668.*

SAME.—*Requested Instructions.*—*Failure to Sign.*—Available error can not be predicated on the refusal of the court to give certain instructions to the jury, where the requested instructions were not signed by the party offering them or by his attorney. *p. 668.*

CRIMINAL LAW.—*Evidence.*—*Res Gestae.*—Where, in a prosecution for assault and battery with intent to commit murder, it appeared that defendant simultaneously assaulted the prosecuting witness and his brother with a hatchet, it was not error to permit a witness to testify that just after the assault he saw the brother lying on a snow drift, alongside the road, with a gash somewhere upon him, and the prosecuting witness, with a cut on his temple, standing between him and their buggy. *pp. 668, 669.*

SAME.—*Evidence.* —Proof, in a prosecution for assault and battery with intent to commit murder, of a declaration made by defendant just prior to the assault, while driving along the highway behind the prosecuting witness and his brother, that "he would kill the son of a bitch," was not improper because no person was designated as the object of the threat. *p. 669.*

From Wells Circuit Court; *E. C. Vaughn,* Judge.

Richard Starr was convicted of an assault and battery with intent to commit manslaughter, and he appeals. *Affirmed.*

*Levi Mock, John Mock, George Mock* and *W. H. Eichhorn*, for appellant.

*C. W. Miller*, Attorney-General, *C. C. Hadley* and *W. C. Geake*, for State.

Dowling, J.—This is an appeal from a judgment upon an information for an assault and battery with intent to murder.

The error assigned is the ruling of the court denying appellant's motion for a new trial. The grounds of that motion discussed here are: (1) The supposed failure of the evidence to sustain the verdict; (2) misdirection of the jury by the court; (3) the refusal of the court to give instructions asked for by the appellant; (4) the exclusion of competent and material evidence offered by the appellant; and (5) the admission of incompetent testimony on behalf of the State.

The only point made upon the evidence is that there was no proof of a felonious intent. Briefly stated, the facts were as follows: The prosecuting witness, William Rebelskey, and his brother Otto, were rig builders in the oil fields. The appellant and David Fetters were employed by them as laborers, and on the day the assault occurred the four had been at work in the forenoon at a place one and one-quarter miles north of the town of Mt. Zion. At noon all of them went to this town and remained there until about 4 o'clock. The entire party was drinking, and they had some trouble there; Otto Rebelskey knocked Fetters down twice. The two Rebelskeys, in a buggy, started for the town of Montpelier, some nine miles distant, and when about two and one-half miles from the town of Mt. Zion they were overtaken by the appellant and Fetters, who were in another buggy. The latter drove up behind the Rebelskeys, and the appellant said to Otto, "You haven't got anything against

me, have you?" Otto said, "No." The appellant then got out of his buggy and started toward Otto Rebelskey who also alighted. The appellant brought from his buggy a hatchet owned by Fetters, and struck Otto Rebelskey with it on the head or neck, the injured man falling to the ground. The prosecuting witness, who remained in his buggy, then said to the appellant, "Not strike my brother again; that you will kill him." The appellant thereupon went to the buggy where the prosecuting witness was sitting, and struck him on the temple with the cutting edge of the hatchet, inflicting a severe wound. The appellant returned to his buggy, and drove off leaving the two wounded men in or alongside the road. The appellant and Otto Rebelskey were large men. The prosecuting witness was a small man, being five feet two and one-half inches in height, and weighing 130 pounds.

It appears from the proof by the State that the appellant, without provocation, attacked the prosecuting witness with a hatchet, inflicting a wound upon his head and face which laid him up for several weeks. The manner of the attack, the weapon used, and the location and character of the wound were such that the jury were fully authorized to infer that the assault was made with the felonious intent charged. *Newport* v. *State,* 140 Ind. 299, 305; *Murphy* v. *State,* 31 Ind. 511.

Instructions numbered one, two, seven, eight, nine, twelve, and thirteen, given by the court, are complained of, and we are asked to review them. That part of the first instruction which is objected to is in these words: "If you find [from] the evidence beyond a reasonable doubt that the defendant \* \* \* did then and there unlawfully commit an assault and battery upon the prosecuting witness with the intent to commit a felony,—that is, with the intent to commit murder in the first degree, or with the intent to commit murder in the second degree, or with the intent to commit manslaughter,—or an assault and battery only, it will be your

duty to find him guilty as charged.   In case you find him guilty of a felony, under the present law, you will have nothing to do with the fixing of the penalty: that is fixed by the court.   If you should find the defendant guilty of an assault and battery, there are two forms of verdict, either of which you may return, as in your judgment you deem just.   One is, you may assess a fine in any sum not to exceed $1,000, and the other is, that you may assess a fine not to exceed $1,000, to which you may add imprisonment in the county jail not to exceed six months."   Counsel for appellant say that this instruction "tells the jury that if they find the defendant guilty of an assault and battery with the intent to commit an assault and battery only, they should find him guilty of an assault and battery with the intent to kill." We can not commend the form of the instruction, but its deficiency in the respect pointed out is not such as to require a reversal of the judgment.   Whether the jury found the appellant guilty of an assault and battery with a felonious intent, or guilty of an assault and battery only, it was proper for them to return in their verdict that they found him guilty of the offense proved "as charged."   An assault and battery was as distinctly charged in the information as were the higher grades of the felony mentioned in the information.   If found guilty of the misdemeanor only, the appellant would necessarily have been found guilty as charged.   He could not have been found guilty of an offense with which he was not charged.   The next two clauses of the instruction removed all doubt concerning the meaning of the court.   They informed the jury that, if they found the appellant guilty of a felony, they would have nothing to do with fixing the penalty for the offense.   But, if they found him guilty of an assault and battery only, they might assess a fine not exceeding $1,000, and, in their discretion, add imprisonment in the county jail not exceeding six months.   It is also to be noted that in this instruction the several degrees of assault and battery with intent to kill, as

well as the inferior offense of an assault and battery, were clearly defined by the court. It was impossible that a juror of ordinary intelligence should have been misled in the particular referred to by the language of this instruction. *Sutherlin* v. *State,* 148 Ind. 695.

The second instruction is objected to for ambiguity and uncertainty. It was, however, merely an amplification of the subject of the first, and was intended to explain the difference between the premeditated malice, which is a necessary ingredient of murder in the first degree and of an assault and battery with an intent to commit that crime, and the unpremeditated purpose to kill which enters into the crime of manslaughter and into an assault and battery with intent to commit that offense. These explanations were necessary and proper to enable the jury to understand the nature of the charge contained in the information, and were sufficiently clear for that purpose. It is also to be observed that, as the jury found the appellant guilty of the specific offense of assault and battery with the intent to commit manslaughter, they could not have been led into error by the court. If the objection now taken to the instruction was well founded, it would not be sufficient to reverse the judgment, for, if the language of the court was ambiguous, the appellant should have tendered a further instruction making its meaning more certain. *Baltimore, etc., R. Co.* v. *Conoyer,* 149 Ind. 524; *Crum* v. *State,* 148 Ind. 401.

Instruction numbered seven stated that if the appellant was engaged in a combat with the two Rebelskeys at the same time, and upon the first assault by one of them with his fists only the appellant used a deadly weapon on both, the use of such weapon without withdrawing or attempting to withdraw from the contest was not excusable. The only infirmity in this instruction pointed out by counsel for appellant is, that it required a withdrawal or an attempt to withdraw from the contest both with Otto Rebelskey and the prosecuting witness. It is insisted that this duty to with-

draw from the contest should have been confined by the court to the combat with the prosecuting witness alone. The circumstances proved seem to justify the language used. The attack was a joint one upon the prosecuting witness and his brother Otto, and a withdrawal from it necessarily required a withdrawal as to both.

The eighth instruction was authorized by the evidence, and properly stated that one who provokes, or voluntarily enters into, a combat may not avail himself of the excuse of self-defense, unless he first withdraws from the contest which he has brought on. It may also be observed that, even if erroneous, the appellant could not have been harmed by this instruction, because there was no attack whatever upon him, he being the sole aggressor. *Braxton* v. *State,* 157 Ind. 213.

Instruction number nine was supplemental to number eight, and correctly stated that one may not provoke an attack for the purpose of obtaining an excuse for killing an adversary. *Harmon* v. *State,* 158 Ind. 37.

The twelfth instruction is not objectionable on the ground that it withdrew from the consideration of the jury the evidence of a previous quarrel between Fetters, the companion of the appellant, and Otto Rebelskey, the brother of the prosecuting witness, on the day of the alleged felonious assault by the appellant upon the prosecuting witness. Fetters took no part in the subsequent difficulty in the road, which resulted in the wounding of the prosecuting witness, and he was in no way connected with it.

The court said in the thirteenth instruction: "There has been some evidence tending to show that the defendant was intoxicated at the time of the commission of the offense complained of. It is proper for you to consider this evidence in determining whether the defendant, in view of his intoxication, *had sufficient mental power to kill.* I instruct you that, although he may have been intoxicated, if he had *sufficient mental power to form an intent to kill,* and committed

the act in manner and form as charged, his intoxication would not excuse him, or constitute a defense to a charge of assault and battery with intent to kill." The verbal inaccuracy in the sentence "had sufficient mental power to kill" was fully corrected and the meaning of the instruction made clear by the sentence following.

The refusal of the court to give the instructions asked for by the appellant, including number twenty-five, was not erroneous. The instructions requested were not signed by appellant, nor by his attorney, as required by the statute fixing the rule of practice in such cases, which reads thus: "If * * * the defendant or his counsel desire special instructions to be given to the jury, such instructions shall be reduced to writing, numbered and signed by the party or his attorney asking them, and delivered to the court before the commencement of the argument." §1892, clause 6, Burns 1901.

In *Glover* v. *State,* 109 Ind. 391, it was said: "The instructions do not appear to have been so signed, and hence we can not disregard the contention of counsel for the State, without disregarding the statute and former decisions by this court based upon and construing the statute. §§533, 1823 R. S. 1881; *Chicago, etc., R. Co.* v. *Hedges,* 105 Ind. 398; *Hutchison* v. *Lemcke,* 107 Ind. 121; *Beatty* v. *Brummett,* 94 Ind. 76."

We find no error in the refusal of the court to permit the appellant to introduce evidence of things said and done at the town of Mt. Zion some hours before the assault occurred. They were remote in time and place, and had no apparent connection with the subsequent encounter between the appellant and the prosecuting witness.

Over the objection of the appellant, the court permitted Robert Murray to testify that he saw the two Rebelskeys just after the cutting, Otto lying on a snowdrift alongside the road with a gash somewhere upon him, and the prosecuting witness standing between Otto and their buggy, with

a cut on his temple. So much of this evidence as related to Otto Rebelskey, counsel for appellant say was incompetent. We think the evidence was properly admitted. It was a necessary part of the description of the situation as it appeared a few moments after the cutting. The wounding of the two men by the appellant occurred in the same encounter, was done with the same weapon, and was almost simultaneous. While the attack upon each may have constituted a separate offense, the cutting of each of the injured persons was in one and the same transaction, and constituted a part of the *res gestæ*.

Proof of the declaration of the appellant, after he left town, and was driving along the highway behind the two Rebelskey brothers, that "he would kill the son of a bitch", was not incompetent because no person was designated as the object of the threat. Considered in connection with the other evidence in the case, it was a question for the jury to determine whether it referred to one of the Rebelskey brothers, whom he attacked and wounded with a hatchet a few moments later. *Parker* v. *State,* 136 Ind. 284; *Wheeler* v. *State,* 158 Ind. 687.

We find no error. Judgment affirmed.