PIERCE *v.* STATE OF INDIANA.

[No. 27,659.   Filed May 28, 1942.]

*Oscar B. Thiel,* of Gary, and *James J. McGarvey,* of Valparaiso (*Alford A. Koritiz,* of Valparaiso, of counsel), for appellant.

*George N. Beamer,* Attorney General, *Norman E. Duke,* Deputy Attorney General, and *James W. Chester,* of Valparaiso, for appellee.

RICHMAN, J.—Appellant was charged by affidavit with malicious mayhem and convicted of simple mayhem. The affidavit is not in the language of either

statute. The pertinent language of the former is: "Whoever, purposely and maliciously, with intent to maim or disfigure . . . cuts off or disables a limb or any member of another person, is guilty . . ." § 10-407, Burns' 1933, § 2413, Baldwin's 1934. The latter reads: "Whoever, violently and unlawfully, deprives another of the use of any bodily member . . . is guilty . . ." § 10-408, Burns' 1933, § 2414, Baldwin's 1934. The affidavit alleges that appellant "did then and there . . . feloniously, purposely and maliciously and with intent to maim and disfigure and disable a limb or member of one Gregor Arens, break the leg of the said Gregor Arens by kicking, beating and striking the said Gregor Arens with his hands and feet . . ."

Contending that the court erred in overruling his motion to quash, appellant says that the words "break the leg" do not imply a permanent injury and the affidavit is therefore insufficient under either statute.

The simple mayhem statute has existed in substantially its present form since the first codification of criminal offenses in 1824. Statutes of Indiana (1824), p. 142. A malicious mayhem statute appears on the same page. It is supplementary to the common-law offense of malicious mayhem. After common-law offenses were abolished (1852) our present malicious mayhem statute was enacted, Acts 1881, ch. 37, § 11, p. 175. It more nearly conforms to the common law than did its statutory predecessor. We think both statutes must be construed in the light of the common law. See generally 36 Am. Jur., Mayhem, § 2 and § 4, pp. 2, 3, note in 16 A. L. R. 955.

Interpreting a similar statute the Supreme Court of Alabama in *The State* v. *Briley* (Ala. 1839), 8 Porter 472, 474, 475, said:

"It is evident, that wherever the statute speaks of disabling a limb or member, a permanent injury is contemplated, as such was the common law notion of the extent of the injury necessary to constitute a mayhem."

In this case the indictment charged that Briley "did make an assault, and upon the left arm of him the said P J, with a certain stick, which he the said defendant then and there had and held in both his hands did strike and break, and did on purpose and of malice aforethought, unlawfully disable the said left arm of him said P J, with intent him the said P J, then and there to maim, . . ." The court held that the offense of disabling was properly stated in the language of the statute and then added:

"The statement of the assault and battery with the stick, and breaking the arm, are, indeed, but a history of the violence, which could have been omitted. The superadding the intention to maim, is, when examined, nothing more than a reiteration of the idea previously conveyed to the mind, by the words 'on purpose, and of malice aforethought:' the indictment is, therefore, sufficient to warrant the conviction."

In an older case, *The Commonwealth* v. *Lester* (1820), 2 Va. Cases 198, it was held, as stated in the first headnote, that

"An indictment which charges that a prisoner feloniously did break the jawbone of another with intent to maim, disfigure, disable or kill, and concludes against the form of the Statute, is yet not a good Indictment under the Statute, because it does not aver that he did *disable* any limb or member, but only that he did *break* a bone with *intent to disable*, &c."

Upon the authority of these cases we could hold the affidavit sufficient as a charge of malicious mayhem if

228

instead of the words "break the leg" it had stated "disabled the leg." And by analogy it would have been good under the simple mayhem statute if it had alleged that appellant "deprived the said Arens of the use of his leg by breaking the same, etc." We cannot hold that the words "break the leg" by themselves import a permanent injury.

If judges in the light of common knowledge in 1820 and 1839 when the Lester and Briley cases, respectively, were decided did not imply permanent injury from the breaking of a bone, we would be casting some reflection upon the achievements of modern orthopedic surgery were we to hold that it is now a necessary implication. In some instances, no doubt, permanent injury does result from the breaking of a bone, whether it be in the leg or in another part of the body, but in common knowledge today as well as a century ago, that result is not so constant and invariable as to justify our holding that an allegation that a leg was broken is an averment of permanent injury. The gravamen of the offense in an affidavit or indictment must be alleged with more certainty.

Judgment reversed with instructions to sustain appellant's motion to quash the affidavit.

NOTE.—Reported in 41 N. E. (2d) 797.