### YOUNG *v.* STATE OF INDIANA.

[No. 30,898. Filed December 22, 1967.]

*George R. Brawley,* of Fort Wayne, for appellant.

*John J. Dillon,* Attorney General, and *Donald R. Ewers,* Deputy Attorney General, for appellee.

HUNTER, J.—The appellant herein is appealing from a conviction in the Circuit Court of Allen County of the offense of assault and battery with intent to commit a felony: manslaughter.

Prosecution was commenced on the basis of an affidavit charging appellant with the above stated crime:

The affidavit (omitting the caption and in its substantive parts) reads as follows:

(That on or about the day in question)
". . . at the County of Allen and in the State of Indiana, said Defendant, William Young, a male person over the age of twenty-one years did then and there unlawfully and feloniously, and in a rude, insolent and angry manner strike and wound Joseph Clinton Ridley, by then and there

unlawfully, feloniously, purposely and voluntarily, upon a sudden heat, but without malice, shoot at the said Joseph Clinton Ridley with a certain pistol, to wit: a .32 Caliber blue steel Automatic Llama Special, Serial #287852, then and there loaded with gunpowder and bullets, which the said defendant then and there held in his hands, and which the defendant then and there caused to fire and discharge the said gunpowder and bullets into the body of the said Joseph Clinton Ridley, with intent then and there and thereby him, the said Joseph Clinton Ridley, unlawfully, feloniously, purposely and voluntarily upon a sudden heat but without malice to kill, being contrary to the form of the statute in such case made and provided."

Appellant entered a plea of not guilty and trial was had before the court without the benefit of a jury. The trial resulted in the court returning a finding of guilty of the offense of assault and battery with intent to commit a felony: manslaughter, however subsequently this judgment was modified to a verdict of guilty of assault and battery with intent to commit a felony, to-wit: aggravated assault. Ind. Anno. Stat. § 9-1817 (1956), (included offense). Upon this judgment the court sentenced appellant to the Indiana State Prison for a period of not less than one (1) year nor more than ten (10) years.

The error assigned and relied upon by the appellant is the overruling of his motion for a new trial. Specifically appellant's sole complaint is that there was not sufficient evidence to prove the offense charged. The record of the evidence reveals the following:

On the day in question Florence Love, Willie James Love, Joe Ridley, appellant, and his wife were all present at the Love residence in Fort Wayne, Indiana. Mr. Ridley and appellant's wife had been dancing together. Mrs. Love heard Ridley tell the appellant that he was wrong by hitting his wife. Appellant informed Ridley that it was none of his business, and he then said to Ridley "I'll kill this bitch and you too." At the time of the latter statement appellant had drawn a gun which he had previously concealed under his shirt. Ridley immediately left the house and went to his car. Mrs. Love attempted

to have Ridley remain in his car, but he broke loose and started back across the street. By this time appellant was standing in the front yard of the Love residence. When Ridley was thirty (30) to forty (40) feet from the appellant, he was shot twice in the stomach by the appellant.

Appellant attempts to interpose a plea of self-defense. However, the record shows that Ridley was unarmed and that he made no threats of violence by words or action. Nor is there any evidence to indicate that appellant was in any danger of bodily harm. Appellant's defense is untenable.

The record is void of any evidence to indicate that appellant was in danger of his life or great bodily harm, nor are there any overt acts or treatening words by Ridley to make such danger apparent to the appellant. It was appellant who drew a weapon and threatened the life of another person. It can only be said that the sole element of the defense that was clearly established by the evidence was that appellant was in a place where he had a right to be. *Hightire* v. *State* (1966), 247 Ind. 164, 213 N. E. 2d 707.

It would appear from the evidence presented that the trial court could have found sufficient evidence for a conviction of assault and battery with intent to kill, but this was not the final judgment rendered. And if a proper finding and sentence had been entered the judgment would have had to be affirmed.

However, as a court of review we cannot ignore a fundamental error apparent on the face of the record, *Wilson* v. *State* (1943), 222 Ind. 63, 51 N. E. 2d 848, for one is not to be deprived of his liberty because of carelessness on the part of the trial judge and of defense councel in failing to call to the attention of this Court a gross error which offends our concepts of criminal justice. The judgment rendered does not follow any legal authority, for the sentence of one (1) to ten (10) years under the modified

judgment can in no way be justified under any statute. The trial court first found appellant guilty of assault and battery with intent to commit a felony, to-wit: manslaughter; and time and again both the prosecutor and the defense counsel have referred to the charge in those words and thereby led the trial court into error. There is no such offense, for Ind. Anno. Stat. § 10-401 (Supp. 1967) specifically excludes any felonious homicide.

> "§ 10-401 (2417). Assault or assault and battery with intent to commit a felony.—Whoever perpetrates an assault or assault and battery upon any human being with intent to commit any felony *other than a felonious homicide,* shall,, on conviction, be imprisoned in the state prison for not less than one (1) nor more than ten (10) years." (our emphasis)

The affidavit as set out above, apparently charges appellant with assault and battery with intent to kill, Ind. Anno. Stat. § 10-401a (Supp. 1967), which carries a sentence of two (2) to fourteen (14) years. The trial court then attempted to modify the judgment to assault and battery with intent to commit a felony, to-wit: aggravated assault. Assault and battery with intent to commit a felony is not an included offense in assault and battery with intent to kill since the legislature in its 1959 session manifested an express desire to exclusively separate the two. An includable offense is one which is necessarily committed in the commission of the offense charged.

Under the affidavit the only included crimes would be either aggravated assault and battery, Ind. Anno. Stat. § 10-410 (Supp. 1967), which carries a sentence of one (1) year to five (5) years; assault and battery, Ind. Anno. Stat. § 10-403 (Supp. 1967), which is a misdemeanor; or simple assault, Ind. Anno. Stat. § 10-402 (1956), which is also a misdemeanor.

Aggravated assault and battery cannot be one of the felonies contemplated by Ind. Anno. Stat. § 10-401 (Supp. 1967). If the accused committed an assault and battery inflicting great bodily harm with the intent to do so, there has

been but one offense committed, that being specifically covered by Ind. Anno. Stat. § 10-410 (Supp. 1967), aggravated assault and battery. Furthermore, to reach the conclusion that appellant committed an assault or an assault and battery not resulting in great bodily harm *but with only the intent* to do great bodily harm (aggravated assault and battery under § 10-401, *supra*, as the felony) would be judicially ridiculous, for in effect to shoot and miss would carry a one (1) to ten (10) year sentence (under § 10-401, *supra*) while to shoot and hit would carry a one (1) to five (5) year aggravated assault and battery sentence (under § 10-410, *supra*).

Slight care on the part of the prosecutor and the defense counsel and the court could have avoided error in this case. If some diligence had been exercised a correct judgment or a correct modification could have been rendered by the trial court, and thereby would not have reached this Court on appeal.

For the foregoing reasons we hold the judgment to be erroneous, since we cannot determine under the judgment if the trial court found appellant guilty of aggravated assault and battery; we have no choice but to reverse and remand to the trial court with instructions to grant a new trial.

Judgment reversed.

Jackson, C. J., Arterburn, Lewis and Mote, JJ., concur.

NOTE.—Reported in 231 N. E. 2d 797.