THOMAS *v.* STATE OF INDIANA.

[No. 969S197. Filed September 8, 1970. No petition for rehearing filed.]

*John G. Bunner,* of Evansville, for appellant.

*Thedore L. Sendak,* Attorney General, *William F. Thompson,* Deputy Attorney General, for appellee.

GIVAN, J.—Appellant was charged in the court below with the crime of assault and battery with intent to kill as defined in Burns Ind. Stat., 1969 Supp., § 10-401a. A jury trial resulted in a verdict of guilty of aggravated assault and battery as defined in Burns Ind. Stat., 1969 Supp., § 10-410.

The facts in this case are as follows:

The appellant and one Dorothy Thomas were husband and wife on January 29, 1969, living together in the city of Evansville. The parties had been having marital difficulties. In the morning of that day the appellant called his wife at work and told her that he was going to get his gun out of the pawn shop and was going to use the gun to kill her. She stated that she was familiar with the gun, and it was a .38 Smith and Wesson. On two different occasions later in the day the appellant went to the office where his wife worked and asked her if she would go see a marriage counselor with him. He told her that he had made an appointment with the counselor for 4:30 that afternoon. The second time he came back to the office he stated that he had changed the appointment from 4:30 to 4:00, and that he would come down and pick up his wife at that time.

When the appellant appeared at 4:00 o'clock to pick up his wife, she first got her sister to accompany her. The wife and the sister then both accompanied the appellant on what they believed was to be a trip to a marriage counselor. Instead, the husband drove to the house where they had maintained their home prior to their marital difficulties. The appellant told his wife that he had to get some papers in the house and wanted her to come in and answer some questions

on the paper for the use of the marriage counselor. The wife and sister both accompanied the appellant into the house, whereupon appellant produced the gun and informed his wife that he was the only marriage counselor she was going to see. Whereupon, the appellant started questioning his wife in detail concerning her recent activities. The sister stated that she was going to call the police and picked up a telephone, which the appellant knocked from her hand. The sister then stated that she was going elsewhere and call the police. The appellant stated that it would do her no good, that his wife would be dead when they got there. The appellant then tried to take his wife's purse away from her. The sister attempted to aid the wife in the struggle and was wounded in the arm by the appellant.

After being shot the sister attempted to leave through the back door and was being aided by the wife when the appellant fired a second shot, striking the wife in the back. A doctor testified at the trial this bullet entered the back, traveled around the abdominal wall where it lodged under the skin in front of her abdomen. A .38 caliber bullet was introduced in evidence as the bullet which had been removed by the doctor from the abdominal wall of appellant's wife.

Appellant first claims error in that the appellant was charged with the crime of assault and battery with intent to kill, and that the conviction of the crime of aggravated assault and battery is not an included offense and is, therefore, contrary to law. With this we cannot agree. This Court has previously stated that aggravated assault is an included offense in assault and battery with intent to kill. *Young* v. *State* (1967), 249 Ind. 286, 290, 231 N. E. 2d 797, 12 Ind. Dec. 291. It is true that the statement in the *Young* case is dictum. However, we hold that it is based upon sound principles of law which should be applied in this case.

The appellant cites the case of *Watford* v. *State* (1957), 237 Ind. 10, 143 N. E. 2d 405, and quotes from that case wherein

it is stated that to be an included offense the lesser offense must be such that it is impossible to commit the greater without having first committed the lesser. With this statement we agree. However, we do not agree with the appellant's application of that statement to this case.

The affidavit under which the appellant was charged reads as follows:

"State of Indiana, Vanderburgh County, ss:

"Gilbert Lengelsen being duly sworn upon his oath says that JOHN LOGAN THOMAS on or about the 29th day of January A.D., 1969, at said County and State as affiant verily believes did then and there unlawfully and feloniously and in a rude, insolent and angry manner, shoot and wound, with a certain 38 caliber revolver then and there loaded with gunpowder and a slug, DOROTHY THOMAS in the back, with felonious intent then and thereby to kill and murder the said DOROTHY THOMAS, a human being.

"Then and there contrary to the form of the Statute, in such cases made and provided, and against the peace and dignity of the State of Indiana."

The two statutes involved read as follows:

"10-401a. *Assault or assault and battery with intent to kill.*—Whoever with intent to kill another human being perpetrates an assault or assault and battery upon the other human being, shall upon conviction, be imprisoned in the state prison for not less than two (2) nor more than fourteen (14) years."

"10-410. *Aggravated assault and battery. Penalty.*— Whoever intentionally or knowingly and unlawfully inflicts great bodily harm or disfigurement upon another person is guilty of aggravated assault and battery and upon conviction shall be imprisoned in the state prison for not less than one (1) year nor more than five (5) years, to which may be added a fine in any amount not to exceed one thousand dollars ($1,000)."

The Court recognizes that it is possible that the manner in which the facts are stated in a charging affidavit for assault and battery with intent to kill might be such as would preclude the included offense of aggravated assault. If, for instance, a mere assault without a battery was

charged or if the battery constituted only damage to an extension of the person, such as a bullet hole in the victim's clothing as in the case of *Stokes* v. *State* (1953), 233 Ind. 10, 115 N. E. 2d 442. The test, however, as to whether there is a particular included offense is the manner in which the particular crime is charged. See *Mims et al.* v. *State* (1957), 236 Ind. 439, 140 N. E. 2d 878.

This Court stated in the case of *Sullivan* v. *State* (1957), 236 Ind. 446, 450, 139 N. E. 2d 893;

> "The application of these statutes is not as easy as it might at first appear. The difficulty arises in those cases where from the allegation of the offense charged there may or may not be a lesser offense included by reason of the wording of the charge."

It is inconceivable that a person could commit an assault and battery with intent to kill another person as charged in this case without also intentionally and knowingly inflicting great bodily harm or disfiguring the assaulted person. We hold that if the facts are present to warrant a conviction on assault and battery with intent to kill in this case they would certainly be present to warrant a conviction on aggravated assault.

We, therefore, hold that aggravated assault and battery is an included lesser offense of the crime of assault and battery with intent to kill as charged in this case. It would not, of course, be an included offense if the charging affidavit merely alleged an assault with intent to kill without alleging bodily injury.

Appellant next claims that the trial court erred in allowing the introduction of evidence to show the wounding of the wife's sister for the reason that he stood charged only with the assault and battery against his wife and was not on trial for the wounding of his sister-in-law. Appellant cites authority for the proposition that it is reversible error to permit evidence of crimes other than those of which

he is charged. Again we agree with the principle of law which appellant cites but disagree with his application in the case at bar.

In the case of *Starr* v. *State* (1903), 160 Ind. 661, 67 N. E. 527, a similar situation confronted this Court. The appellant had been convicted of an assault and battery against one man. The evidence disclosed that during the altercation two men were in fact attacked and the evidence of both attacks and the resulting injuries to the two men was placed in evidence. Upon the raising of the same question raised by appellant in this case the Court observed that the evidence was properly admitted and stated at page 669 :

> "* * * It was a necessary part of the description of the situation as it appeared a few moments after the cutting. The wounding of the two men by the appellant occurred in the same encounter, was done with the same weapon, and was almost simultaneous. While the attack upon each may have constituted a separate offense, the cutting of each of the injured persons was in one and the same transaction, and constituted a part of the *res gestae*."

Similar circumstances were again presented to the Court in the case of *Kiefer* v. *State* (1958), 239 Ind. 103, 153 N. E. 2d 899. In that case the appellant had killed both his wife and his daughter and although he was on trial only for the killing of his wife, the Court ruled that it was proper to submit evidence that the child was also killed at the same time, holding that the child's murder was a part of the *res gestae* of the attack which killed the wife. We see no difference in the factual situations of the *Starr* and the *Kiefer* cases with the case at bar so far as the admissibility of the attack upon appellant's sister-in-law is concerned.

We, therefore, hold that the trial court properly permitted the facts of her injury in evidence.

The trial court is, therefore, in all things affirmed.

Hunter, C.J., and Arterburn, J., concur; DeBruler, J., dissents with opinion in which Jackson, J., concurs.

DISSENTING OPINION

DEBRULER, J.—I dissent from the majority holding that aggravated assault and battery is a lesser included offense of the crime of assault and battery with intent to kill as charged in this case. In defining a lesser included offense the majority, citing *Watford* v. *State* (1957), 237 Ind. 10, 143 N. E. 2d 405, says, ". . . to be an included offense the lesser offense must be such that it is impossible to commit the greater without having first committed the lesser . . ."

The two statutes read as follows:

"10-401a. *Assault or assault and battery with intent to kill.*—Whoever with intent to kill another human being perpetrates an assault or assault and battery upon the other human being, shall upon conviction be imprisoned in the state prison for not less than two (2) nor more than fourteen (14) years."

"10-410. *Aggravated assault and battery. Penalty,*— Whoever intentionally or knowingly and unlawfully inflicts great bodily harm or disfigurement upon another person is guilty of aggravated assault and battery and upon conviction shall be imprisoned in the state prison for not less than one (1) year nor more than five (5) years, to which may be added a fine in any amount not to exceed one thousand dollars ($1,000)."

Whether one offense is a lesser included offense of the crime charged is to be determined by applying the *Watford* test to the specific charge in the case. The charge in this case reads:

"Gilbert Lengelsen being duly sworn upon his oath says that JOHN LOGAN THOMAS on or about the 29th day of January A.D., 1969, at said County and State as affiant verily believes did then and there unlawfully and feloniously and in a rude, insolent and angry manner, *shoot and wound,* with a certain 38 caliber revolver then and there loaded with gunpowder and a slug, DOROTHY THOMAS *in the back,* with felonious intent then and thereby to kill and murder the said DOROTHY THOMAS, a human being." (Emphasis added).

The majority then holds:

"It is inconceivable that a person could commit an assault and battery with intent to kill another person as charged in this case without also intentionally and knowingly inflicting great bodily harm or disfiguring the assaulted person."

I disagree. One of the elements of aggravated assault and battery is that the defendant actually inflicted *great bodily harm* or *disfigurement on the victim.* The affidavit in this case merely alleges that appellant shot and inflicted a *wound* in the back of the victim. The affidavit does not allege the wound was serious or constituted great bodily harm or disfigurement. A "wound" could consist of a minor breaking of the skin, Websters New International Dictionary (2nd Ed.); Black's Law Dictionary (4th Ed.), and it is not synonymous with "great bodily harm or disfigurement." In *Froedge* v. *State* (1968), 249 Ind. 438, 233 N. E. 2d 631, Judge Hunter, writing for the court, defined the latter phrase as follows:

"Great bodily harm defines itself and means great as distinguished from slight, trivial, minor or moderate harm, and as such does not include mere bruises as are likely to be inflicted in a simple assault and battery under Ind. Ann. Stat., § 10-403 (Supp. 1967)."

It seems clear that a person could shoot and wound another in the back inflicting only a slight wound. Therefore it is easily conceivable that a person could commit an assault and battery with intent to kill as charged in this case without also inflicting great bodily harm or disfigurement. Since it is possible on this affidavit to have the facts which would warrant a conviction for assault and battery with intent to kill but *not* a conviction for aggravated assault and battery, the majority opinion is in error under its own definition.

I concede that a different result would be reached were we to look to the evidence actually introduced at the trial. How-

ever the majority opinion does not adopt such a test and I believe rightly so.

Jackson, J., concurs.

NOTE.—Reported in 261 N. E. 2d 588.