RICHARD ALLEN NYE *v*. STATE OF INDIANA.

[No. 170S7. Filed March 26, 1971.]

*Rice & VanStone,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *Edward Squier Neil,* Deputy Attorney General, for appellee.

HUNTER, J.—Appellant was charged by affidavit with the crime of assault and battery with the intent to commit a felony, to wit: robbery pursuant to Ind. Ann. Stat. § 10-401 (1970 Supp.). Upon a plea of not guilty, trial was had before a jury and appellant was convicted of aggravated assault and battery. Following conviction, appellant was sentenced to the Indiana Reformatory for a period of not less than one [1] nor more than five [5] years.

The sole assignment of error is that the trial court erred in overruling appellant's motion for new trial. One issue raised in that motion, the sole question with which we need concern ourselves, is that the trial court erroneously instructed the jury that the offense of aggravated assault and battery is a lesser included offense of assault and battery with the intent to commit a felony.

The test for determining whether an offense is a lesser included offense of the offense charged was ably stated in the case of *House* v. *State* (1917), 186 Ind. 593, 595-596, 117 N. E. 647, 648 as follows:

". . . to be necessarily included in the greater offense, the lesser offense must be such that it is impossible to commit the greater without first having committed the lesser. This being true, the court is compelled to hold that, if a party is charged with a given crime he cannot be convicted of another crime of lesser magnitude under the provisions of § 2148, *supra* [Ind. Ann. Stat. § 9-1817 (1956 Repl.)], unless a conviction of the crime charged necessitates proof of all the essential elements of the lesser offense together with the added element which makes the difference in the two offenses."

For a re-affirmance of the *House* test, see *Bryant* v. *State* (1933), 205 Ind. 372, 186 N. E. 322; *Watford* v. *State* (1957), 237 Ind. 10, 143 N. E. 2d 405; *Hobbs* v. *State* (1969), 253 Ind. 195, 252 N. E. 2d 498.

It has also been recognized, however, that an important factor, possibly determinative on the question of whether a

conviction for a lesser offense than that charged is necessarily included and thereby proper, is the manner in which such charge is stated in the affidavit. *Thomas* v. *State* (1970), 254 Ind. 600, 261 N. E. 2d 588; *Sullivan* v. *State* (1957), 236 Ind. 446, 139 N. E. 2d 893. By giving credence to the wording of the affidavit in making the determination, it should nevertheless be noted that the *House* test is expanded. The *Thomas* case, one very similar to that here, illustrates the point. In that case, Thomas was charged with assault and battery with intent to kill and convicted on the lesser offense of aggravated assault and battery as defined at Ind. Ann. Stat. § 10-410 (1970 Supp.). Clearly, the two offenses, as statutorily defined, are such that it would *not* be "impossible to commit the greater without first having committed the lesser" since a conviction on the greater offense of assault and battery with intent to kill would be possible notwithstanding a failure to prove the infliction of "great bodily harm or disfigurement" as required by the statute for a conviction of aggravated assault and battery.

The result obtained in *Thomas* is thus rationalized on the basis that the wording of the affidavit was such that a charge on the lesser offense of aggravated assault and battery was necessarily and implicitly included. The affidavit in pertinent part there read:

> "Gilbert Lengelsen being duly sworn upon his oath says that JOHN LOGAN THOMAS on or about the 29th day of January A.D., 1969, at said County and State as affiant verily believes did then and there unlawfully and feloniously and in a rude, insolent and angry manner, shoot and wound, with a certain 38 caliber revolver then and there loaded with gunpowder and a slug, DOROTHY THOMAS in the back, with felonious intent then and thereby to kill and murder the said DOROTHY THOMAS, a human being."

It is thus clear that because the nature of the offense charged was such, when considered in light of the nature of the

wound and the manner in which inflicted, *all properly noted in the affidavit,* a conviction of aggravated assault and battery could properly be premised on the charging affidavit.

On neither the *House* test nor *Thomas* rationale can the conviction before us be rationalized. By no stretch of the imagination could it be said that it is impossible to commit the offense of assault and battery with intent to commit robbery without first having committed aggravated assault and battery, for there is no requirement under § 10-401 that the assault and battery be of an aggravated nature. Nor do we feel that the affidavit was here worded such as to necessarily and implicitly charge the appellant with aggravated assault and battery. The affidavit charging appellant reads in pertinent part as follows:

> ". . . [T]hat RICHARD ALLEN NYE on or about the 5th day of April A.D., 1969, at said County and State . . . did then and there unlawfully and feloniously, and in a rude, insolent and angry manner, touch, beat, strike and wound WILLIAM DANIEL LANAGAN, then and there being, with the felonious intent . . . by violence and putting him in fear, to rob, take, steal and carry away the personal possessions of the said WILLIAM DANIEL LANAGAN . . ."

In our opinion, the charge that appellant did unlawfully and feloniously, "in a rude, insolent and angry manner, touch, beat, strike and wound" the victim does not contemplate a charge of aggravated assault and battery. This being so, appellant could not properly be convicted on the lesser offense of aggravated assault and battery under this charging affidavit.

For the foregoing reasons the judgment of the trial court must be reversed. The trial court is therefore instructed to grant appellant's motion for new trial.

Judgment reversed.

Arterburn, C.J., DeBruler, Givan and Prentice, JJ., concur.

NOTE.—Reported in 267 N. E. 2d 842.