LEROY ALLISON *v*. STATE OF INDIANA.

[No. 2-173A14.  Filed August 8, 1973.
Rehearing denied September 7, 1973.]

*David L. Martenent,* of Indianapolis, for appellant.

*Thoedore L. Sendak,* Attorney General, *Robert F. Colker,* Assitant Attorney General, for appellee.

SULLIVAN, J.—On February 17, 1972, defendant-appellant LeRoy Allison (Allison) was charged by affidavit with assault and battery with intent to commit murder [assault and battery with intent to kill, IC 1971, 35-13-2-1, Ind. Ann. Stat. § 10-401a (Burns 1972 Supp.)]. Said affidavit read insofar as pertinent:

> ". . . that LeRoy Allison late of said County and State, on or about February 17, 1972, at and in the County and State aforesaid, did then and there unlawfully, feloniously and purposely in a rude, insolent and angry manner, touch, beat and strike one Gareth Hodges, with the intent and then and thereby him, her, the said LeRoy Allison feloniously and purposely to kill and murder, Gareth Hodges. . . ."

On July 21, 1972 Allison was tried before the trial court without a jury and found guilty of assault and battery with intent to commit a felony, [IC 1971, 35-1-54-3, Ind. Ann. Stat. § 10-401 (Burns 1972 Supp.)]. On September 6, 1972, the trial court, after expunging from the record the conviction of assault and battery with intent to commit a felony, found Allison guilty of aggravated assault and battery, [IC 1971, 35-13-3-1, Ind. Ann. Stat. § 10-410 (Burns 1972 Supp.)], and sentenced him accordingly.

We find it necessary to consider only one issue: Whether aggravated assault and battery is a lesser included offense embraced within the affidavit which charged Allison with assault and battery with intent to kill.

Although the asserted error was not preserved by appellant's Motion to Correct Error, a similar contention in *Young*

v. *State* (1967), 249 Ind. 286, 231 N.E.2d 797 was deemed so fundamental to the concept of criminal justice as to require consideration. We feel compelled to follow the same course.

Allison argues that the determinate factor in our consideration is the manner in which the greater crime is charged in the affidavit. He asserts that the affidavit must include the element of "great bodily harm or disfigurement" before aggravated assault and battery may be held to be a lesser included offense.

The State replies that even though the affidavit does not specifically allege great bodily harm or disfigurement, it contains a sufficient allegation that the defendant did "feloniously . . . touch, beat, and strike" the victim.

The matter of lesser included offenses has proved extremely troublesome particularly with regard to the manner in which such may or may not be embraced within a particular criminal charge and with regard to disparity of the penalties imposable. *Harrison* v. *State* (1973), 155 Ind. App. 231, 292 N.E.2d 612; *Carter* v. *State* (1972), 155 Ind. App. 10, 291 N.E.2d 109. Without regard, however, to the technical subleties of the doctrinal distinction between *necessarily* included ·lesser offenses and lesser *possible* offenses as discussed in those cases and elsewhere, we deem the issue before us to be soluble by resort to clear cut decisional precedent.

Allison was charged with assault and battery with intent to kill defined by § 10-401a as follows:

> "Whoever with intent to kill another human being perpetrates an assault or assault and battery upon the other human being, shall upon conviction be imprisoned in the state prison for not less than two [2] nor more than fourteen [14] years. [Acts 1959, ch. 49, § 1, p. 119.]"

The essential elements are: (1) the unlawful touching (2) of another human being (3) in a rude, insolent or angry manner (4) with intent to kill. *Reed* v. *State* (1970), 255 Ind. 298, 263 N.E.2d 719.

To determine whether an offense is a *necessarily* lesser included offense, i.e., one which is necessarily committed if the greater offense charged has been committed and which lesser offense need not be specifically charged, *Watford* v. *State* (1957), 237 Ind. 10, 143 N.E.2d 405, we must look to the essential elements of each offense. Only two offenses are disclosed to be *necessarily* included in a charge of assault and battery with intent to kill—(1) assault and battery, and (2) assault.

Assault and battery is defined by IC 1971, 35-1-54-4, Ind. Ann. Stat. § 10-403 (Burns 1972 Supp.) as follows:

"Whoever in a rude, insolent or angry manner, unlawfully touches another, is guilty of an assault and battery, . . ."

The elements are: (1) the unlawful touching (2) of another human being (3) in a rude, insolent or angry manner.

The statute defining assault is IC 1971, 35-13-4-7, Ind. Ann. Stat. § 10-402 (Burns 1956).

"Whoever, having the present ability to do so, attempts to commit a violent injury upon the person of another is guilty of an assault, . . ."

The elements are : (1) the unlawful attempt coupled with (2) the present ability to commit a violent injury (3) on another human being. Although the elements of assault are phrased in a somewhat different manner than those of assault and battery or assault and battery with intent to kill, it has been long recognized that an assault is an attempted battery (assault and battery) and that every battery includes an assault. Perkins, *Criminal Law*, ch. 2, § 2, p. 106 (2nd Ed. 1969).

On the other hand, § 10-410 defines aggravated assault and battery as:

"Whoever intentionally or knowingly and unlawfully inflicts great bodily harm or disfigurement upon another person is guilty of aggravated assault and battery. . . ."

*Froedge* v. *State* (1968), 249 Ind. 438, 233 N.E.2d 631 interpreted the statute to include the following elements: (1) infliction of (a) great bodily harm *or* (b) disfigurement (2) intentionally *or* knowingly and unlawfully (3) upon another human being. The element "great bodily harm or disfigurement" must be considered in the alternative and not in the conjunctive. *Froedge* v. *State, supra,* 233 N.E.2d at 636. Although the term "disfigurement" has not been judicially defined in Indiana, it is not a technical word and in the context of the statute here concerned should be considered in its ordinary sense. See *Froedge* v. *State, supra.*

One Indiana decision construing the elements of the crime of malicious mayhem [IC 1971, 35-1-54-5, Ind. Ann. Stat. § 170-407 (Burns 1956)] which requires an intent to "maim or disfigure" has by implication imposed a degree of permanency with respect to the injury inflicted. *Pierce* v. *State* (1942), 220 Ind. 225, 41 N.E.2d 797. A pertinent definition of "disfigurement" in its ordinary sense is consistent with a requirement of permanency and may be stated as in *Rapp* v. *Kennedy* (1968), 101 Ill. App. 2d 82, 242 N.E.2d 11, 13:

> "That 'which impairs or injures the beauty, symmetry or appearance of a person or thing; that which renders unsightly, misshapen or imperfect or deforms in some manner.'"

The term "great bodily harm" was defined in *Froedge, supra,* as follows:

> "Great bodily harm defines itself and means great as distinguished from slight, trivial, minor or moderate harm, and as such does not include mere bruises as are likely to be inflicted in a simple assault and battery under Ind. Ann. Stat. § 10-403 (Supp. 1967)." 233 N.E.2d at 636.

Great bodily harm or disfigurement constitutes an element not contained within the crime of assault and battery with

intent to kill for it is possible to commit assault and battery with intent to kill without committing great bodily harm or disfigurement as herein defined. *Thomas* v. *State* (1970), 254 Ind. 600, 261 N.E.2d 588. Thus, aggravated assault and battery is not a *necessarily* lesser included offense of assault and battery with intent to kill.

However, it is *possible* for aggravated assault and battery to be a lesser included offense *if* the element of "great bodily harm" *or* "disfigurement" is properly alleged in the charging affidavit. See *Carter* v. *State, supra*. The State argues that the affidavit here properly embraces the possible lesser included offense of aggravated assault and battery in that it alleges that the defendant did "feloniously . . . touch, beat and strike the victim". To be sure, our Supreme Court in *Young* v. *State, supra*, categorized the affidavit there considered as one which "apparently charges appellant with assault and battery with intent to kill" and stated that:

> "Under the affidavit the only included crimes would be either *aggravated assault and battery* . . . assault and battery . . . or simple assault. . . ." 231 N.E.2d at 799 (Emphasis supplied)

And in *Thomas* v. *State* (1970), 254 Ind. 600, 261 N.E.2d 588, 589 the dictim of the Court in *Young* was adopted as "based upon sound principles of law which should be applied in this case." The affidavits in *Young* and in *Thomas*, however, specifically alleged that the defendants shot at and into the victims. While the State here imputes to the *Young* decision a holding that an allegation of a gun-shot wound is equivalent to an allegation of "great bodily harm" if not "disfigurement"; and while that imputation is borne out by the *Thomas* case, such imputation does not authorize affirmance here, for in *Nye* v. *State* (1971), 256 Ind. 219, 267 N.E.2d 842, our Supreme Court specifically addressed itself to such a contention in the light of *Thomas* v. *State, supra,* and held:

"In our opinion, the charge that appellant did unlawfully and feloniously, 'in a rude, insolent and angry manner, touch, beat, strike and wound' the victim does not contemplate a charge of aggravated assault and battery. This being so, appellant could not properly be convicted on the lesser offense of aggravated assault and battery under this charging affidavit." 267 N.E.2d at 844.

We do not for a moment dispute that the evidence here of record supports the argument that the defendant did in fact inflict "great bodily harm or disfigurement" in that it discloses that appellant intentionally or knowingly and unlawfully struck his victim with a knife inflicting a cut extending from the rear of the neck to the right front requiring some thirty-six stitches. The law requires, however, that the State not only prove the offense for which a defendant is sentenced, but that such offense be included in the charge made against him. *Carter* v. *State, supra.*

The affidavit herein is virtually identical, insofar as pertinent, with that considered in *Nye* v. *State, supra.* We are compelled to hold therefore that it did not include a charge of the offense of aggravated assault and battery for which Allison was convicted.

Judgment reversed and cause remanded.

Buchanan, P.J. and White, J., concur.

NOTE.—Reported at 299 N.E.2d 618.