RONALD STEVEN LAYNE v. STATE OF INDIANA.

[No. 1-874A125. Filed June 17, 1975. Rehearing denied August 12, 1975. Transfer denied December 10, 1975.]

*John D. Clouse,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

LOWDERMILK, J.—At about midnight on March 3, 1973, defendant-appellant, Ronald Steven Layne (Layne), while accompanied by James Buttram (Buttram), was driving his automobile and following a car driven by Robert O'Brien, who eventually became the victim of an assault by Layne. Layne was flashing his lights from high to low beam which O'Brien took as a signal to stop, which he did. After stopping

he noted it was not the police and continued on his way. This was followed by Layne's auto nudging the rear of O'Brien's auto after which O'Brien did stop and Layne then stopped his car to the left of O'Brien's. O'Brien went to the window of the side occupied by Buttram and asked what they needed and was told "Nothing, punk" and Buttram at that time stuck a gun to O'Brien's neck.

Buttram came out of the car and O'Brien grabbed him, slamming his head on the car door and then kicking him in the face. At this time Layne came around the front of the car and said "Well, you're dead now, boy", brandishing a hunting knife at O'Brien, who apparently did not retreat and was stabbed in the stomach with the knife being imbedded there. At this time Buttram rejoined the fray and O'Brien had removed the knife but was knocked to the ground by Buttram and suffered a second stab wound in his side.

Three passengers were in O'Brien's auto with him but they left when the trouble started and were gone when it was over. Apparently they had called the police as the police came and Layne and Buttram fled at high speed. Layne was charged with assault and battery with intent to kill, after which he filed the usual dilatory motions which were overruled by the court. Layne was tried by jury and found guilty of the lesser included offense of aggravated assault and battery, and sentence was passed pursuant to statute.

## ISSUE 1.

The first issue in Layne's motion to correct errors is that the court erred in overruling Layne's motion to dismiss. Layne contends the court erred in overruling his motion to dismiss for the reason the probable cause affidavit was based, in part, upon hearsay from allegedly credible persons and there was insufficient allegations of facts which were within the affiant's knowledge as to the credibility of the allegedly credible persons.

The argument is based on IC 1971, 35-1-6-2, Ind. Ann. Stat. § 9-602 (Burns Supp. 1974). The statute provides that an

affidavit, when based on credible hearsay, shall contain the facts within the affiant's knowledge as to the credibility of the person or persons upon whose information the affidavit is based.

The State replied that the fact the witnesses spoke of personal observation and knowledge lifted their stories above the level of mere rumor and creates some probability that they were true. Also, the witnesses' stories corroborated each other and were congruent with the physical evidence.

O'Brien's probable cause affidavit was fortified by O'Brien's information to the affiant that he (O'Brien) was attacked by two men who fled in a red Ford. The uncorroborated testimony of a crime victim has been held to furnish probable cause for the issuance of an arrest warrant. *Riddle* v. *State* (1971), 257 Ind. 501, 275 N.E.2d 788.

O'Brien's story was bolstered by three eye witnesses who were in his car who later identified Layne and also his automobile. Harvey Taylor, who was also harassed by Layne in the same manner earlier that night, secured Layne's license number which he furnished to the police. It was held in *United States* v. *Hood* (7th Cir. 1970), 422 F.2d 737, that while the latter witnesses were unknown to affiant their information may be used for corroborative purposes. *Hood* also held that the showing required in support of an informant's accusation is subject to the same probable cause standards as used in appraising the police officer's own observation.

Description of the perpetrator and his auto by the victim has been held to supply a police officer with probable cause for a warrantless arrest. *Kindred* v. *State* (1974), 160 Ind. App. 418, 312 N.E.2d 100.

The court properly overruled Layne's motion to dismiss.

## ISSUE 2.

Layne next contends the trial court erred in denying appellant's motion to quash the charging affidavit.

The pertinent portion of the charging affidavit, omitting formal parts, is as follows:

". . . did then and there unlawfully and feloniously and in a rude, insolent and angry manner, touch, beat, strike, cut and wound, with a knife, one Robert Allen O'Brian (sic), a human being, with the felonious intent then and thereby to kill and murder the said Robert Allen O'Brian (sic), a human being."

Layne contends the use of the conjunctive phrase, "touch, beat, strike, cut and wound" in the charging affidavit failed to state the offense charged with sufficient certainty.

Following the above quoted words appeared the words "with a knife". The several words refer to a single act and were used to cover the hostile conduct of Layne. It is proper to allege in one count several acts, any one of which would constitute the alleged crime.

IC 1971, 35-1-23-26, Ind. Ann. Stat. § 9-1127 (Burns 1956), was in effect when this affidavit was filed and in part, reads as follows:

"No indictment or affidavit shall be deemed invalid, nor shall the same be set aside or quashed, nor shall the trial, judgment or other proceeding, be stayed, arrested or in any manner affected for any of the following defects:

\* \* \*

Tenth. For any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

Affidavits need only be so certain and particular as to enable the court or jury to understand what is to be tried and to fully inform the defendant of the particular charge he is required to meet so that he may prepare an adequate defense. *Noel* v. *State* (1973), 157 Ind. App. 338, 300 N.E.2d 132.

We find no merit in Layne's contention as to Issue 2.

## ISSUE 3.

Layne next contends that the court erred in denying the portion of appellant's discovery motion seeking copies of witnesses' statements.

Layne contends that although the trial court permitted him to inspect witnesses' statements after they had testified it was error to refuse the portion of his discovery motion seeking the right to inspect and copy such statements before trial.

Layne admits that after certain witnesses had testified he was permitted to inspect the statements as requested before trial.

Apparently the trial court relied on the case of *Antrobus* v. *State* (1970), 253 Ind. 420, 254 N.E.2d 873, wherein our Supreme Court, in speaking with respect to a defendant's right to obtain such statements, held:

> "With respect to a defendant's right to obtain such statements we hold the rule to be this: First, the defendant must lay the proper foundation for his motion or the trial court may properly deny it. An adequate foundation is laid when: (1) The witness whose statement is sought has testified on direct examination; (2) A substantially verbatim transcription of statements made by the witness prior to trial is shown to probably be within the control of the prosecution; and, (3) The statements relate to matters covered in the witness' testimony in the present case." 254 N.E.2d at 876, 877.

It is our opinion that the trial court correctly proceeded in accordance with the *Antrobus* rule. We are unable to determine from the record where Layne showed how he was harmed by the trial court's ruling. See also, *Gibson* v. *State* (1973), 158 Ind. App. 575, 303 N.E.2d 666 at 668.

## ISSUE 4.

Layne next contends that the court erred in overruling his objection to admitting the testimony of Harvey Taylor regarding the earlier tailgating incident which he claimed was prejudicial error.

Layne urges that the introduction of this evidence violated

the prohibition against admitting evidence of prior criminal acts. (Layne was found not guilty of the traffic charge stemming from the earlier incident after the court held it under advisement for 30 days during which time Layne was to pay $75.00 property damage to the owner of the car which he had struck and damaged. The record is not complete as to whether the $75.00 was or was not paid.)

The State answers this contention by saying that the two incidents which involved Taylor and the second involving O'Brien were so closely connected in time and method that the evidence of the prior incident was admissible to show that appellant intended an aggressive attack on O'Brien. The State further contends Layne was found not guilty of leaving the scene of an accident for the reason he agreed to pay $75.00 in damages to Mr. Simmons, the car owner. The law is well settled in Indiana that evidence of prior criminal conduct, separate and independent from the case charged, is irrelevant and inadmissible except to show intent, motive, knowledge, plan or identity. *Watts* v. *State* (1950), 229 Ind. 80 at 102, 95 N.E.2d 570; *Fenwick* v. *State* (1974), 159 Ind. App. 311, 307 N.E.2d 86; *Olson* v. *State* (1973), Ind. App., 304 N.E.2d 830; *Underhill* v. *State* (1916), 185 Ind. 587, 114 N.E. 88.

Layne cites a number of cases which he claims are distinguishable. However, a close study of these cases leads us to the conclusion that not one is determinative and in point in the case at bar.

Harvey Taylor, a passenger in the car operated by Simmons, was tailgated in very much the same way the O'Brien car was tailgated and was struck by appellant's car.

This was followed by Mr. Simmons getting out of his car and being accosted by Buttram with a gun and Layne with a hunting knife. Taylor had enough good sense to get Layne's automobile license number and induce Simmons to leave before there was a serious altercation.

In the case at bar Layne's intent is an issue. Evidence

of the prior tailgating which took place within minutes of the tailgating of O'Brien was, in our opinion, relevant to show an aggressive behavorial pattern on Layne's part as well as the existence of a plan to harass and assault other motorists. We are of the opinion the court properly admitted Mr. Taylor's evidence to go to the jury.

## ISSUE 5.

Layne's next specification of error is that the trial court erroneously instructed the jury that aggravated assault and battery was a lesser included offense in assault and battery with intent to kill.

It is appellant's contention that the charging affidavit was worded in such a manner that aggravated assault and battery was not alleged nor could it be implied, as stated in the instruction given to the jury on that issue.

In *Allison* v. *State* (1973), 157 Ind. App. 277, 299 N.E.2d 618, this court held that an aggravated assault and battery is not necessarily a lesser included offense in the charge of assault and battery with intent to kill. The case further held that it was possible for aggravated assault and battery to be a lesser included offense *if* the element of "great bodily harm" or "disfigurement" is properly alleged in the charging affidavit.

In *Thomas* v. *State* (1970), 254 Ind. 600, 261 N.E.2d 588, our Supreme Court stated it recognized it was possible that the manner in which the facts are stated in a charging affidavit for assault and battery with intent to kill might be such as would preclude the included offense of aggravated assault. The court, at page 604, said:

". . . The test, however, as to whether there is a particular included offense is the manner in which the particular crime is charged. See *Mims et al.* v. *State* (1957), 236 Ind. 439, 140 N.E.2d 878." 254 Ind. at 604.

In *Thomas* the pertinent parts of the affidavit read as follows, to-wit:

"... did then and there unlawfully and feloniously and in a rude, insolent and angry manner, shoot and wound, with a certain 38 caliber revolver then and there loaded with gunpowder and a slug, DOROTHY THOMAS in the back, with felonious intent then and thereby to kill and murder the said DOROTHY THOMAS, a human being."

The court held:

"It is inconceivable that a person could commit an assault and battery with intent to kill another person as charged in this case without also intentionally and knowingly inflicting great bodily harm or disfiguring the assaulted person. We hold that if the facts are present to warrant a conviction on assault and battery with intent to kill in this case they would certainly be present to warrant a conviction on aggravated assault.

We, therefore, hold that aggravated assault and battery is an included lesser offense of the crime of assault and battery with intent to kill as charged in this case. It would not, of course, be an included offense if the charging affidavit merely alleged an assault with intent to kill without alleging bodily injury." 254 Ind. at 604.

We must now determine whether an allegation of cutting and wounding with a knife is equivalent to an allegation of great bodily harm, or whether more specific words connotating a severe injury must appear in the affidavit. See *Marine* v. *State* (1973), Ind. App., 303 N.E.2d 287.

We now hold that aggravated assault and battery is a lesser included offense of the crime of assault and battery with intent to kill as charged *in this case*. It would not be an included offense if the charging affidavit merely alleged an assault with intent to kill without alleging bodily injury.

The pertinent part of the affidavit in the case at bar, as heretofore set out, charged Layne with "... touch, beat, strike, cut and wound, with a knife, one Robert Allen O'Brian (sic), ... with the felonious intent then and thereby to kill and murder the said Robert Allen O'Brian (sic), ...."

Comparing the affidavit in the case at bar with that in *Thomas, supra,* we now hold that said affidavit sufficiently alleged great bodily harm and would, therefore, include aggra-

vated assault and battery and no error was committed by finding the defendant guilty of the offense of assault and battery.

## ISSUE 6.

Layne next contends that the trial court erred in refusing to instruct the jury on the effects of intoxication.

Layne contends that the court erred in refusing his instruction regarding the effects of intoxication on Layne's ability to form the requisite intent to kill or injure. Such contention is based on the testimony of Layne's wife, who was asked the following question:

"Q. Do you think he passed out because he was drunk?
A. No, he wasn't that drunk."

Layne denied being drunk. Buttram testified Layne had had some drinks and further testified he was not drunk and knew what he was doing. There was no evidence that Layne's judgment was impaired by alcohol at the time of the attack on O'Brien. It is our opinion that the instruction was inapplicable to the evidence. It is not error to refuse an instruction which is inapplicable to the evidence. *LaDuron v. State* (1973), 157 Ind. 189, 299 N.E. 2d 227.

Further, Layne was convicted of aggravated assault and battery and not assault and battery with intent to kill. Therefore, the refusal of an instruction concerning the formation of intent to kill would be harmless.

## ISSUE 7.

Layne next contends that the trial court erred in refusing certain instructions regarding self defense.

Layne tendered two instructions concerning subjective view of apprehended danger which he claimed were erroneously refused.

The court gave three of five tendered instructions on self defense and the matter covered by the two refused instructions

was adequately covered by the instructions given. Inasmuch as the instructions given adequately covered the subject, no error was committed by refusing said two tendered instructions.

## ISSUE 8.

Layne next contends that the trial court erred in refusing a precautionary instruction concerning the evidence regarding appellant's prior conduct.

This instruction would tell the jury that in considering the guilt or innocence of Layne of the crime charged the jury has no right to, nor should it consider, any other incident. It is contended this instruction was needed to temper and qualify the evidence received concerning the earlier tailgating incident.

The State answers that the instruction was too broad in its direction to disregard *any* other incident for *any purpose* and was properly refused.

We have heretofore held that the evidence concerning the prior tailgating incident was properly admitted to go to the jury and could be considered by the jury in determining the intent of the appellant when tailgating and bumping O'Brien's automobile and later accosting him with a knife. The prior incident with Simmons and Taylor also served to show a plan or scheme to harass other motorists.

An instruction limiting the purpose for which the jury could consider the prior incident would have been proper but the giving of such instruction was not mandatory. *Watts* v. *State, supra.*

## ISSUE 9.

Layne next contends that the verdict was not supported by sufficient evidence and was contrary to law.

To sustain this point Layne relies on the evidence of the victim, O'Brien, who said that when Layne came around the car to him, brandishing the hunting knife, that in the scuffle he "walked into" Layne's knife.

This is, no doubt, a matter of semantics and it is inconceivable that he deliberately "walked into" a hunting knife being held in the hands of a man attacking him and during his approach making the remark, "Well, you're dead now, boy." O'Brien was stabbed in the stomach and then knocked down by Buttram and the knife was then stuck in his side and he was abandoned by his attackers, who drove away hurriedly, striking a nearby car, as sirens were approaching the men.

This court will consider only the evidence most favorable to the State, together with all logical and reasonable inferences therefrom. Adhering to such duty, it is our opinion that there was sufficient evidence to sustain the conviction and the same was not contrary to law.

Judgment affirmed.

Robertson, C.J. and Lybrook, J., concur.

NOTE.—Reported at 329 N.E.2d 612.